(No. 36182.

CARL E. BENSON *et al.,* Appellees, *vs.* THEODORE J. ISAACS, Director of Revenue *et al.,* Appellants.

*Opinion filed September 22, 1961.*

WILLIAM G. CLARK, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, and A. ZOLA GROVES, Assistant Attorneys General, of counsel,) for appellants.

DEFREES, FISKE, THOMSON & SIMMONS, of Chicago, (RICHARD E. VOLAND, THOMAS J. JOHNSON, JR., and TED J. FIFLIS, of counsel,) for appellees.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

The director of the Department of Revenue and the State Treasurer appeal from an order of the superior court of Cook County dismissing their petition to dissolve a 1945 injunction which restrained them from collecting retailers' occupation tax from certain tool and die manufacturers. Since the public revenue is involved the appeal comes directly to this court.

By its decree entered in 1945 the court found that each of the appellees was engaged in the business of making tools, dies, jigs, fixtures and gauges in response to special orders, and in accordance with designs furnished by the customers; that in such business the raw material is of relatively inconsequential value as compared with the services rendered; that the product has no commercial value except to the particular customer; and that the work is highly skillful in nature. The court held that the business was not one of selling tangible personal property at retail. A writ of injunction was ordered restraining appellants "from in any manner taking any steps or doing any things, to assess against or collect from the plaintiffs, additional plaintiffs and intervening petitioner, or any of them, said retailers' occupation tax based on the gross receipts from said business as aforesaid." No appeal was taken from the decree.

By their present petition appellants sought to set aside the 1945 injunction on the ground that under the holding in *Sterling Steel Casting Co.* v. *Department of Revenue,* 7 Ill.2d 244, decided in 1955, "the existing perpetual injunctional decree is now patently *ipso facto* erroneous." The *Sterling case* held taxable the business of supplying steel castings on special order, in accordance with patterns furnished by the customer, where no technical skill is involved except that relating to production activities. The superior court in the case at bar granted a motion to strike the appellants' petition, pointing out in its opinion that "no

change of fact or law is claimed or shown that makes the continuing of said permanent injunction of February 2, 1945, unjust or inequitable."

An injunction such as that in the case at bar is a continuing adjudication of nontaxability, and even though subsequent decisions of this court show it was erroneously issued it nevertheless operates to prevent assessment or collection of the tax until such time as it is modified or dissolved. (*Bowman Dairy Co.* v. *Lyons,* 2 Ill.2d 625; *Burrows Co.* v. *Hollingsworth,* 415 Ill. 202.) It is also the rule that the injunction will be modified or dissolved, as to its prospective effect, where the court finds that the law has changed or that equity no longer justifies a continuance of the injunction. *Material Service Corp.* v. *Hollingsworth,* 415 Ill. 284.

To entitle a party to such relief, however, the necessary showing must be made. Appellants make no contention that the sales or businesses in question measure the tax, or that the injunction is erroneous in restraining collection or assessment. To reverse the order they argue merely that the injunction gives appellees an "immunity" not only from liability for the tax but from departmental investigations of their businesses, and that it should be dissolved so that the appellees, like other manufacturers of goods upon special order, are subject to the tax "with respect to such sales as measure that tax and are immune to the tax with respect to such sales as do not measure it." Appellants expressly deny seeking ajudication of any particular tax liability. All they ask, according to their brief and argument in this court, is the right to subject the appellees to inspections of their businesses in order to determine which, if any, aspects are now subject to the tax.

Appellants have offered no ground upon which this court would be justified in disturbing the order of the superior court. In the first place, their contention was never raised in the superior court but appears for the first time in appellants' argument to this court. There is nothing in the order

appealed from or in the rest of the record in this case to show that the proceedings below were concerned in any way with investigative powers or whether their exercise was restrained by the injunction. The law is clear that the theory upon which a case is tried in the lower court cannot be changed on review, and that an issue not presented to or considered by the trial court cannot be raised for the first time on review. *In re Estate of Leichtenberg,* 7 Ill.2d 545.

In any event, however, the contention is without merit. It is based on the false assumption that the injunction immunizes the businesses of appellees from ordinary inspections, audits, *etc.* to which other businesses are subject. We find nothing in the decree of 1945 which purports to prohibit or curtail the exercise of investigative powers by the Department, nor do the appellees maintain that it does so. The language pointed to by appellants—namely that which restrains them "from in any manner taking any steps or doing any things, to assess against or collect from the plaintiffs * * * said retailers' occupation tax based on the gross receipts from said business as aforesaid"—does not refer to investigation. Investigation is a process distinct from assessing or collecting a tax, and the injunction in question cannot reasonably be construed as purporting to prevent it.

The Department is quite free to employ the investigative and subpoena powers it possesses for the purpose of discovering the extent, if any, to which the appellees are engaged in a business subject to the tax. Appellants are likewise at liberty to show, if such is the case, that under the present facts and law a continuance of the injunction is not justified. But until such showing is made a court obviously is not warranted in disturbing it.

Since appellants have failed to show any error, the order of the superior court is affirmed.

*Order affirmed.*