*In re* MARRIAGE OF LILA D. FISCHER, Petitioner-Appellee, and RONALD FISCHER, Respondent-Appellant.

Fourth District   No. 4—91—0557

Opinion filed April 30, 1992.

Mark T. Petty, of Arcola, for appellant.

Arthur M. Lerner, of Lerner & Kirchner, of Champaign, for appellee.

JUSTICE KNECHT delivered the opinion of the court:

On December 28, 1990, the Champaign County circuit court entered a two-year plenary order of protection on behalf of petitioner Lila Fischer against respondent Ronald Fischer. The order, in part, granted Lila exclusive possession of the residence where the parties had lived. It was filed within a dissolution of marriage proceeding initiated by Lila. Several months after the entry of the order of protection, Lila's petition for dissolution was voluntarily dismissed; and two

days thereafter, Ronald asked the court to reconsider or vacate the protective order. Ronald argues the circuit judge erred in ruling that because the order of protection had become final 30 days after its entry, he could not reconsider or vacate the order. We conclude the circuit court retains continuing power to vacate or modify a protective order, and the court therefore erred by not ruling on the merits of Ronald's request.

## I. FACTS

Ronald Fischer, 55 years old, and Lila Fischer, 58 years old, were married on February 20, 1990. No children were born of the marriage. Lila filed a petition for dissolution of marriage on November 5, 1990, docketed Champaign County case No. 90—C—1624. On November 26, 1990, Ronald filed a petition for temporary relief and response to Lila's petition. In his response, Ronald alleged the parties' rights and responsibilities upon dissolution of their marriage were controlled by a post-nuptial agreement which had been proposed and drafted by Lila's counsel. The agreement in part provided that upon dissolution of the marriage, each party would retain his or her nonmarital property. Ronald claimed the home where the parties had resided during their marriage belonged to him as nonmarital property.

Lila filed a petition for an order of protection on December 13, 1990. (Ill. Rev. Stat. 1989, ch. 40, par. 2312—19.) The court entered an emergency order on December 14 and continued the matter until December 28. (See Ill. Rev. Stat. 1989, ch. 40, par. 2312—17.) The emergency order prohibited Ronald from abusing or harassing Lila and granted her exclusive possession of the residence in which the parties resided. Ronald filed a petition for an order of protection on December 17, 1990. (Ill. Rev. Stat. 1989, ch. 40, pars. 2312—17, 2312—19.) Lila's petition, the emergency order, and Ronald's petition were all filed in the dissolution case. Sometime before the December 28 hearing, a hearing was set for March 18, 1991, on the other issues in the dissolution proceeding.

At the December 28 hearing, the court issued a plenary order against Ronald on behalf of Lila pursuant to section 219 of the Illinois Domestic Violence Act of 1986 (Act) (Ill. Rev. Stat. 1989, ch. 40, par. 2312—19). Lila was granted exclusive possession of the residence and the additional admonishments continued in force against Ronald. The order indicated it expired December 28, 1992. It also indicated the petition was an "independent" form of petition as opposed to one filed in a matrimonial, criminal, juvenile, or other civil proceeding. The

parties, however, do not contest that the petition was in fact filed within the dissolution proceeding.

Because no transcript of the December 28 hearing could be located, a bystander's report (134 Ill. 2d R. 323(c)) was filed by Ronald's counsel and was agreed to by Lila's counsel. According to the report, at the December 28 hearing, the judge indicated that if, during the dissolution proceedings, Ronald showed the residence at issue was his nonmarital property, the order of possession granted to Lila by the order of protection would be reversed when the dissolution proceeding terminated. The judge characterized the order as "interim," using the term in a general sense and not as an interim order under section 218 of the Act (Ill. Rev. Stat. 1989, ch. 40, par. 2312—18), and indicated he was issuing the order for two years because he did not know when title to the residence would be determined in the dissolution case.

On March 14, 1991, Lila filed a motion to dismiss her petition for dissolution of marriage. On March 18, the judge granted Lila's motion. The record of this hearing also indicates the "existing Order of Protection [was] to remain in full, force and effect." On March 20, Ronald requested the court to vacate or modify the order of protection to the extent that it granted exclusive possession of the residence to Lila. He asked the court to grant him exclusive possession of the residence or to find Lila had no right to exclusive possession. On March 21, Lila filed a motion to dismiss Ronald's motion, contending the protective order was a final order for purposes of appeal, and Ronald failed to appeal within 30 days from its December 28, 1990, entry.

On May 23, 1991, the court considered the parties' motions. It amended the December 28, 1990, protective order *nunc pro tunc* to correct a clerical error, granted Ronald's motion for leave to file amended pleadings within 14 days, and set July 5 as the hearing date for Ronald's motion to reconsider the protective order. Testimony at this May 23 hearing established that sometime after Lila sought dismissal of her petition for dissolution, Ronald filed a petition for dissolution of the parties' marriage.

Ronald's amended pleading alleged the December 1990 order of protection should be vacated because (1) Lila had voluntarily dismissed the dissolution proceeding in which the protective order had been filed, and (2) the residence to which Lila had been granted exclusive possession belonged to him as nonmarital property. He alleged that he and a previous wife had acquired the residence in 1985, and the former wife had thereafter transferred her interest to him.

At the July 5 hearing to reconsider the protective order, the judge concluded he was bound by a second district decision in *In re Marriage of Blitstein* (1991), 212 Ill. App. 3d 124, 569 N.E.2d 1357, although he noted he thought that ruling was incorrect. Based on *Blitstein*, the trial court concluded the December 1990 order of protection, which granted Lila possession of the residence, had been a final order which could no longer be reconsidered. The judge indicated that when the pending dissolution proceedings filed by Ronald determined whether the post-nuptial agreement was effective between the parties and whether the residence belonged to Ronald as nonmarital property, Ronald might be awarded the residence and the order of protection could expire. The court scheduled a hearing for September 9, 1991, on Ronald's petition for dissolution and to rule on the post-nuptial agreement. The parties have informed this court that respondent's petition for dissolution has been granted.

## II. Issues Raised

Ronald appeals from the trial court's denial of his motion to vacate the order of protection and the denial of his motion to reconsider. He argues the judge erred by ruling the order of protection was a final order which he had to appeal within 30 days of its issuance. He contends the court retained jurisdiction and authority to reconsider, amend, or vacate the order of protection for 30 days from the date all other issues were decided in the dissolution case. Because the court dismissed Lila's dissolution petition on March 18, Ronald contends it had jurisdiction to reconsider the order when he filed his motion on March 20.

### A. *Application of Rule 304(a)*

Ronald reasons that the court retained jurisdiction because it had not authorized an interlocutory appeal of the protective order at the time of its entry. Supreme Court Rule 304(a) provides that if multiple claims for relief are involved in an action, an appeal can be brought from a final judgment of one or more of the issues only when the circuit court indicates there is no reason to delay enforcement or appeal of its order. 134 Ill. 2d R. 304(a).

The Champaign County circuit court had not made such a finding when it entered the December 1990 protective order. Ronald had not sought such a finding by the court. He contends Lila should have sought this ruling to insure the order of protection was final, and the fact that she did not establishes she knew the December 28 order was not final for purposes of appeal. However, there was no reason for

Lila to appeal the order of protection; she was awarded exclusive possession of the residence. Because Ronald was denied possession of the home, he might have sought the circuit court's permission to appeal its order before the other issues raised in the dissolution proceeding were determined.

■ However, when the judge entered the plenary order of protection on December 28, the only basis for an appeal by Ronald was that the residence was his nonmarital property; the proceeding in which the order was filed remained pending. Any argument he could then have made would have been fruitless as long as the court concluded the balance of hardships between the parties favored Lila. The Act authorizes the granting of exclusive possession of a residence to the petitioner, although the residence is owned by respondent, if both parties have a right to occupy the residence. Even if the property was owned solely by Ronald, Lila had a right to occupy the premises as his spouse. Ill. Rev. Stat. 1989, ch. 40, par. 2312—14(b)(2).

Ronald also contends the December 1990 protective order could be viewed as independent of the other claims in the dissolution proceeding if the judge had severed this claim. The order would then have been final, and he would have had to appeal within 30 days of its entry. The Illinois Supreme Court has stated if a court has not made a finding that there is no just reason for delay in enforcement, the claim is immediately appealable only if the court in its severance order unequivocally states the claim has been severed and shall proceed separate from the other claims. (*Carter v. Chicago & Illinois Midland Ry. Co.* (1988), 119 Ill. 2d 296, 307-08, 518 N.E.2d 1031, 1037.) The circuit court did not enter a severance order.

We find Rule 304 does not control the determination of the propriety of the circuit court's conclusion that it could not reconsider the December 1990 order of protection. Rather, the question raised is whether the circuit court had the authority to vacate or modify the order beyond the 30-day period after it was entered.

### B. *Protective Order is an Injunction*

Lila characterizes the protective order as an injunctive order appealable by Ronald only within 30 days of its entry. We agree that the protective order was an injunction. An injunction is a " 'judicial process operating in personam and requiring [a] person to whom it is directed to do or refrain from doing a particular thing.' " (*In re a Minor* (1989), 127 Ill. 2d 247, 261, 537 N.E.2d 292, 298, quoting Black's Law Dictionary 705 (5th ed. 1983).) An order of protection is an injunctive order because it directs a person to refrain from doing some-

thing, such as to refrain from entering or residing where he or she lived before the order was entered. Supreme Court Rule 307(a)(1) provides:

> "An appeal may be taken to the Appellate Court from an interlocutory order of court:
>
> (1) granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction." 134 Ill. 2d R. 307(a)(1).

Lila is correct that if Ronald objected to the entry of the order, he had to appeal within 30 days of its entry. Rule 307(a) states "[t]he appeal must be perfected within 30 days from the entry of the interlocutory order." 134 Ill. 2d R. 307(a); see also *In re Marriage of Wass* (1981), 94 Ill. App. 3d 436, 439, 419 N.E.2d 32, 34; *Terry v. Terry* (1970), 121 Ill. App. 2d 331, 257 N.E.2d 520 (abstract of opinion).

Lila's reliance on *Blitstein*, and the circuit court's reliance on the same case is, however, misplaced. In *Blitstein* the respondent appealed the entry of an order of protection which, by its terms, was to terminate when a final judgment was entered in the marital dissolution proceedings; the petitioner moved to dismiss the appeal, contending the order was not appealable until all issues related to the pending dissolution proceeding were determined. She relied on *In re Marriage of Leopando* (1983), 96 Ill. 2d 114, 449 N.E.2d 137, in reasoning that questions related to the dissolution proceeding were ancillary, and were not separate claims which could be appealed from independent of all other related claims. *Blitstein*, 212 Ill. App. 3d at 129, 569 N.E.2d at 1360.

The *Blitstein* court correctly reasoned that, unlike issues of child custody, child support, property division, and the grounds for dissolution, an order of protection is not an issue inherently related to a dissolution proceeding. The court noted that petitions for orders of protection are not only instituted in conjunction with dissolution proceedings, but are filed independently, or in conjunction with other civil proceedings or with criminal proceedings.

■ It viewed the protective order as a separate, not an ancillary, claim and reasoned the order was an injunctive order which was immediately appealable. (*Blitstein*, 212 Ill. App. 3d at 130, 569 N.E.2d at 1360; see also *In re Marriage of Lombaer* (1990), 200 Ill. App. 3d 712, 721, 558 N.E.2d 388, 393.) Although we agree with this reasoning, it does not control this case because it addressed a different issue. The party who appealed the protective order in *Blitstein* timely challenged the entry of the protective order on its merits. *Blitstein*, 212 Ill. App. 3d at 130-31, 569 N.E.2d at 1361; see also *Lombaer*, 200 Ill. App. 3d at 724, 558 N.E.2d at 395.

Lila misconstrues Ronald's objection on appeal. He does not object to the original entry of the order. He objects to the court's refusal to consider whether it should be dissolved. The issue is not whether the December 1990 injunctive order was properly granted, but whether the circuit court's July 5, 1991, order refusing to reconsider continuing it in full force and effect was correct. We find the court retained the authority to vacate or modify the December 1990 order of protection.

## C. *Trial Court Has Continuing Authority*

In *Benson v. Isaacs* (1961), 22 Ill. 2d 606, 177 N.E.2d 209, the Illinois Supreme Court affirmed a circuit court's dismissal of a petition to dissolve an injunction because the evidence did not establish a change in the law or the facts since the injunction was entered. The court stated an "injunction will be modified or dissolved, as to its prospective effect, where the court finds that the law has changed or that equity no longer justifies a continuance of the injunction." (*Benson*, 22 Ill. 2d at 609, 177 N.E.2d at 210.) The Champaign County circuit court in this case should have reviewed the merits of Ronald's request for modification or vacation of the order.

A court's authority to dissolve or modify a previously entered injunctive order exists in a dissolution proceeding just as in other civil proceedings. See *In re Marriage of De Rosa* (1983), 115 Ill. App. 3d 774, 778, 451 N.E.2d 13, 15; *Melvin v. Melvin* (1968), 94 Ill. App. 2d 403, 236 N.E.2d 913 (abstract of opinion); *Field v. Field* (1967), 79 Ill. App. 2d 355, 359, 223 N.E.2d 551, 553-54.

The protective order at issue was entered pursuant to section 219 of the Act (Ill. Rev. Stat. 1989, ch. 40, par. 2312—19). The provisions of the Act establish that the circuit court had continuing discretion to modify or vacate the order, or to rule it should remain in effect. Specifically, section 205 of the Act provides in relevant part, "[a]ny proceeding to obtain, modify, reopen or appeal an order of protection, whether commenced alone or in conjunction with a civil or criminal proceeding, shall be governed by the rules of civil procedure of this State." Ill. Rev. Stat. 1989, ch. 40, par. 2312—5.

Section 224 of the Act further states, "[t]his Section does not limit the means, otherwise available by law, for vacating or modifying orders of protection." (Ill. Rev. Stat. 1989, ch. 40, par. 2312—24(d).) Section 11—108 of the Code of Civil Procedure provides in part: "A motion to dissolve an injunction may be made any time before or after answer is filed." (Ill. Rev. Stat. 1989, ch. 110, par. 11—108.) We

therefore conclude that Ronald's motion to vacate or reconsider is in the nature of a motion to dissolve and was timely filed.

Additional support for the position that the circuit judge erred by concluding he lacked authority to reconsider the protective order appears in section 220(b)(1)(ii) of the Act, which states:

> "(1) A plenary order of protection entered in conjunction with another civil proceeding shall state that it remains in effect:
>
> \* \* \*
>
> (ii) if incorporated into the final judgment in that other proceeding, until modified." Ill. Rev. Stat. 1989, ch. 40, par. 2312—20(b)(1)(ii).

The court had the authority to incorporate the order into the final dismissal order on Lila's dissolution petition. The court likewise had the authority to consider and grant Ronald's subsequent request for modification or vacatur, or to determine the order should remain in effect. Accordingly, the court should have considered the merits of Ronald's motion to vacate or reconsider the protective order.

We express no view about whether the changed circumstances, *e.g.*, the parties no longer being married, warrant dismissal of the protective order. A circuit court's exercise of discretion in ordering an injunction and in denying a motion to dissolve should not be overturned absent a clear showing of abuse of discretion. (*Stasica v. Hannon* (1979), 70 Ill. App. 3d 785, 787, 388 N.E.2d 1110, 1112.) We reverse and remand to the circuit court, finding it has continuing authority to decide whether to modify or dissolve the protective order.

Reversed and remanded.

STEIGMANN and COOK, JJ., concur.