# Illinois Official Reports

## Appellate Court

---

*In re Marriage of Sanchez*, 2018 IL App (1st) 171075

---

| | |
|---|---|
| Appellate Court Caption | *In re* MARRIAGE OF JAIME SANCHEZ, Petitioner-Appellant, and MARTHA SANCHEZ-ORTEGA, Respondent (The Illinois Department of Healthcare and Family Services, Intervenor-Appellee). |
| District & No. | First District, Fifth Division<br>Docket No. 1-17-1075 |
| Filed | March 23, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 08-D-430330; the Hon. Raul Vega, Judge, presiding. |
| Judgment | Affirmed in part and dismissed in part. |
| Counsel on Appeal | Jaime Sanchez, of Chicago, appellant *pro se*.<br><br>Lisa Madigan, Attorney General, of Chicago (David L. Franklin, Solicitor General, and Honor K. Moore, Assistant Attorney General, of counsel), for intervenor-appellee. |
| Panel | JUSTICE ROCHFORD delivered the judgment of the court, with opinion.<br>Presiding Justice Reyes and Justice Hall concurred in the judgment and opinion. |

## OPINION

¶ 1    Petitioner-appellant, Jaime Sanchez, appeals *pro se* from two postdissolution orders: one that denied a motion to vacate a plenary order of protection entered against him and a second that denied his motion to reconsider the denial of a motion to abate child support payments. His former spouse, respondent Martha Sanchez-Ortega, has not participated in the appeal. Intervenor-appellee, the Illinois Department of Healthcare and Family Services (Department) is a party to this appeal only as it relates to the child support issues. For the following reasons, we dismiss the appeal from the order denying the motion to reconsider the denial of the motion to abate child support payments, as we lack appellate jurisdiction, and we affirm the order denying the motion to vacate the plenary order of protection.

¶ 2    We note at the outset that the record on appeal is insufficient. It lacks, for example, key pleadings and orders, as well as transcripts of the proceedings at issue. However, we will set forth that much of the relevant background that may be gleaned from the scant record presented on appeal.

¶ 3    On August 22, 2008, Jaime filed a petition for dissolution of his marriage to Martha. Jaime and Martha are the parents of Ju. S., born May 13, 2001, and Ja. S., born May 15, 2004. It appears that, during the divorce proceedings, issues relating to abuse and visitation arose. For example, on October 22, 2008, an order of protection was entered against Jaime, which protected Martha and the children, and that order remained in effect for the pendency of the initial divorce action. In 2010, the court suspended Jaime's supervised visitation with the children.

¶ 4    On April 15, 2011, the circuit court entered a judgment for dissolution of marriage following a trial. At that time, the court ordered Jaime to pay $785 per month for child support and entered judgment against him for an $11,775 arrearage on previously-ordered child support payments. Jaime's child support obligation was determined based on the income he derived from his home services business. Pursuant to a custody judgment, which was incorporated into the dissolution judgment, Martha was granted sole custody of the children, and Jaime was granted supervised visitations. After finding that there was a continuing need for Martha to be protected against future abuse and harassment by Jaime, the dissolution judgment provided Martha and the children with a two-year plenary order of protection, which was to terminate on April 15, 2013. Martha later moved to extend that order of protection.

¶ 5    Jaime appealed after the circuit court denied his motion to reconsider the dissolution judgment or, in the alternative, to re-open proofs. We affirmed the judgment for dissolution after finding that Jaime had failed to provide a record sufficient to address his claims of error, in violation of the requirements espoused in *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984), or to adequately support his arguments in his brief with proper citation to the record or pertinent legal authority, in violation of Illinois Supreme Court Rule 341(h)(7) (eff. July 1, 2008). See *In re Marriage of Sanchez*, 2012 IL App (1st) 112898-U, ¶¶ 6-7.

¶ 6    Thereafter, the parties engaged in various postdissolution proceedings. For example, Jaime's visitation was suspended by the court on September 28, 2015. On June 22, 2016, with the Department's involvement in the case, the court entered a uniform order of support finding that Jaime's imputed net income was $1965 per month and that, as of January 14, 2015, he was $42,503.50 in arrears as to his child support obligation. Jaime was then ordered to pay $550 per month in child support and $100 per month as to the arrears through the State Disbursement

Unit. Pursuant to a motion brought by the Department, the June 22, 2016, order vacated a December 9, 2015, order, which had directed the Secretary of State to release the suspension on Jaime's driver's license caused by his failure to make child support payments, or to issue Jaime a driving permit.

¶ 7 On October 11, 2016, after a hearing on both Martha's petition for plenary order of protection and Jaime's motion for visitation, the circuit court entered a two-year plenary order of protection against Jaime, which protected Martha and the children. The plenary order of protection suspended Jaime's visitation with the children until further order of the court "per [a] 12/28/15 order" and prohibited Jaime from communicating with Martha and the children. A separate order entered on that date stated that the court had heard the parties' testimony and considered the evidence at the hearing on both the petition for plenary order of protection and the motion for visitation. The order allowed Jaime to send cards and letters to the children (to be addressed to Martha) and provided that, should the children wish to see Jaime, they could "communicate their wishes in writing to him."

¶ 8 On November 10, 2016, Jaime filed a motion to vacate the plenary order of protection. The court set a briefing schedule on the motion to vacate and set the matter for hearing on January 11, 2017. On December 20, 2016, Martha filed a combined response and motion to strike and dismiss Jaime's motion to vacate.

¶ 9 Additionally, as to a separate matter, on October 3, 2016, the Department brought a petition for a rule to show cause why Jaime should not be held in indirect civil contempt, alleging that Jaime had willfully failed to make the child support payments that were ordered on June 22, 2016. As a result, the court entered an order issuing a rule to show cause why Jaime should not be held in indirect civil contempt for his failure to pay child support, which was set for hearing on January 11, 2017.

¶ 10 In an apparent response to the rule to show cause, Jaime filed a motion for abatement or suspension of child support on December 12, 2016. In his motion, Jaime asserted that he was unemployed and, as a result, could not make the court-ordered child support payments. Jaime explained that (1) he was unable to pay the renewal fee for his contractor's license and it had lapsed, (2) his driver's license had been suspended for his failure to pay child support, and (3) both licenses were necessary for him to operate his business. He maintained that the Illinois Secretary of State would "release" his license if the court entered an order stating that he did not "owe money to the [I]llinois department of health and family services." Jaime further contended that the court, in a prior order relating to child support, had directed the Secretary of State to release his driver's license, but his driver's license had not been released. For relief, Jaime requested that his child support obligation be abated or suspended in full and be contingent on his obtaining full-time employment "or re[-]establishing *** [his] business" and then calculated at the statutory rate. Jaime asked "[t]hat any suspension or abatement of child support *** be effective immediately."

¶ 11 On January 11, 2017, the circuit court entered an order finding Jaime to be in indirect civil contempt for his willful failure to pay child support. The order stated that Jaime's commitment for the contempt finding was stayed until February 22, 2017. However, the order did not include the imposition of any period of commitment. In that same order, the Department was granted 28 days to respond to Jaime's motion to abate child support. The Department, however, did not file a response before the hearing on that motion, scheduled for February 22, 2017. Nevertheless, a hearing was held on that date, and the court denied Jaime's motion to

- 3 -

abate child support. The court granted Jaime leave to file a motion to modify child support and continued the matter for a hearing on March 22, 2017.

¶ 12    On March 21, 2017, instead of filing a motion to modify child support, Jaime filed a motion to vacate the denial of his motion to abate, arguing that he was entitled to "judgment by default" because the Department had not filed a response to his motion prior to the February 22 hearing, as had been ordered by the court.

¶ 13    That same day, the Department filed a response to Jaime's motion to abate child support insofar as it requested reinstatement of his driver's license. The Department explained that Jaime was a delinquent obligor, as he was behind in his child support payments in violation of section 10-17.6 of the Illinois Public Aid Code (305 ILCS 5/10-17.6 (West 2016)), and section 7-702(c) of the Illinois Safety and Family Financial Responsibility Law (625 ILCS 5/7-702(c) (West 2016)). As a result, his driver's license had been suspended in January 2014. The Department noted that, on December 9, 2015, the circuit court had ordered the Secretary of State to release the suspension of Jaime's driver's license, or issue him a judicial driving permit. However, that order had been vacated on the Department's motion, which had argued that the court lacked subject matter jurisdiction to address Jaime's driver's license.

¶ 14    The Department maintained that Jaime was required to request a driving permit from the Department, and only then could the Department direct the Secretary of State to issue a permit. The Department further explained that, should it deny any request by Jaime for a permit, he would then be able to seek administrative review of that decision in the circuit court. The Department argued that the circuit court lacked subject matter jurisdiction to reinstate Jaime's driver's license in light of Jaime's failure to exhaust his administrative remedies.

¶ 15    On March 22, 2017, the circuit court entered an order regarding the status of the contempt proceeding, which included a finding that Jaime had not remained current in his child support obligations. The circuit court ordered Jaime to pay $555.20 per month in child support, $100 per month in arrears, and to make a $450 lump sum payment. The circuit court continued the matter to April 12, 2017, and denied Jaime's request to reinstate his driver's license due to a lack of subject matter jurisdiction.

¶ 16    On April 5, 2017, the circuit court denied "with prejudice" Jaime's motion to vacate the February 22, 2017, order, which had denied his motion to abate his child support obligations. The circuit court noted that, on February 22, it had conducted "a full hearing with all parties present" and "[a]ll sides were heard." The order stated: "This is a final and appealable order." On May 1, 2017, Jaime filed a notice of appeal from that specific order only.

¶ 17    On April 12, 2017, the circuit court held a hearing on Jaime's November 10, 2016, motion to vacate the plenary order of protection and entered an order denying the motion "with prejudice." As to the contempt matter, the circuit court entered a separate order updating the amounts that Jaime then owed in child support and scheduled the matter for a follow-up hearing on May 24, 2017.

¶ 18    On May 4, 2017, Jaime filed an amended notice of appeal, which added the April 12, 2017, order to his appeal.

¶ 19    Following the filing of Jaime's amended notice of appeal, the circuit court held a hearing on the status of the contempt. The matter was then continued to June 28, 2017. The record does not indicate what happened on that date, or whether the contempt matter has been finally resolved.

- 4 -

¶ 20    As discussed, the Department (but not Martha) is a party to this appeal, but only as to Jaime's appeal from the order denying his motion to vacate the denial of his motion to abate his child support. The Department has expressed concern as to whether we have jurisdiction to review that order, in that the contempt proceeding against Jaime was still pending below at the time Jaime filed an appeal from that order. In his jurisdictional statement, Jaime contends that we have appellate jurisdiction over his appeal under Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) and Illinois Supreme Court Rule 303 (eff. Jan. 1, 2015). As this court has a duty to determine whether jurisdiction exists, we will consider the issue. *Palmolive Tower Condominiums, LLC v. Simon*, 409 Ill. App 3d 539, 542 (2011). An appeal must be dismissed where our jurisdiction is lacking. *Id.* (citing *Mund v. Brown*, 393 Ill. App. 3d 994, 996 (2009)).

¶ 21    "Appellate jurisdiction is limited to review of final judgments unless an order falls within a statutory or supreme court exception." *Cole v. Hoogendoorn, Talbot, Davids, Godfrey & Milligan*, 325 Ill. App. 3d 1152, 1153 (2001) (citing *Pekin Insurance Co. v. Benson*, 306 Ill. App. 3d 367, 375 (1999)). In order to be considered final, an order must dispose of the rights of the parties, either upon the entire controversy or some definite and separate part of it. *In re Guardianship of J.D.*, 376 Ill. App. 3d 673, 676 (2007).

¶ 22    However, a final order is not necessarily immediately appealable. Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) provides:

> "If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both. *** In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties."

¶ 23    Thus, prior to the resolution of all claims with respect to all parties, any order entered in a case, even if final as to any one party or claim, is not appealable unless the order contains a finding that there is no just reason to delay enforcement or appeal, in compliance with Rule 304(a). The orders that are the subject of this appeal do not include a Rule 304(a) finding.

¶ 24    On January 11, 2017, the court found Jaime to be in indirect civil contempt. However, a contempt order is not final or appealable until the party in contempt has been sanctioned or committed. *In re Marriage of Dianovsky*, 2013 IL App (1st) 121223, ¶ 33. Here, when Jaime filed his original notice of appeal from the order denying his motion to reconsider the denial of the motion to abate and amended notice of appeal (collectively referred to as notices of appeal), he had neither been sanctioned nor committed with respect to the finding of contempt. Indeed, the circuit court held status hearings on the finding of contempt while this appeal was pending. Thus, the postdissolution contempt proceeding was not final or appealable before the notices of appeal were filed.

¶ 25    The Department correctly notes that the appellate court is divided as to whether an order, which disposes of a postdissolution matter, is final and appealable without the requisite finding under Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) when other postdissolution claims remain pending. This split of authority turns on whether each petition or motion in a postdissolution proceeding is considered (1) a separate action or (2) a new claim in the same action. *In re Marriage of Demaret*, 2012 IL App (1st) 111916, ¶ 26. "[I]f the postdissolution

petition under consideration is construed as a separate action from the original dissolution proceeding, then appellate court jurisdiction exists upon a final resolution of that petition under Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994), regardless of the pendency of an unrelated petition." *Id.* The Third District, in *In re Marriage of A'Hearn*, 408 Ill. App. 3d 1091, 1097 (2011), and the First District, in *In re Marriage of Carr*, 323 Ill. App. 3d 481, 485 (2001), have construed postdissolution petitions in this fashion. However, if a postdissolution petition is instead considered a new claim within the same action, then appellate jurisdiction would exist to review a final decision on that petition, while another petition remained pending, only where there has been a Rule 304(a) finding. *In re Marriage of Demaret*, 2012 IL App (1st) 111916, ¶ 26. The Second District, in *In re Marriage of Alyassir*, 335 Ill. App. 3d 998, 999-1000 (2003), and the Fourth District, in *In re Marriage of Gaudio*, 368 Ill. App. 3d 153, 157-58 (2006), adopted this position.

¶ 26 This court, in *In re Marriage of Teymour*, 2017 IL App (1st) 161091, recently examined this split of authority. After a thoughtful and extensive discussion and review of the case law, the *Teymour* court determined that it would "join the Second and Fourth Districts and adhere to Rule 304(a)'s mandate that a final order disposing of one of several claims may not be appealed without an express finding that there is no just cause for delay." *Id.* ¶ 41. In so holding, the *Teymour* court declined to follow an earlier line of First District cases, which held that a Rule 304(a) finding is not required to appeal an order resolving "one of several postdissolution matters so long as the matters still pending below are unrelated to the matter on appeal." *Id.* ¶ 35 (citing *In re Marriage of Knoll*, 2016 IL App (1st) 152494, ¶ 46, and *In re Marriage of Baumgartner*, 2014 IL App (1st) 120552, ¶¶ 34-36).

¶ 27 We find the analysis of *Teymour* to be well-reasoned and convincing. In conformity with that decision, we conclude that we have no jurisdiction to consider the order denying the motion to reconsider the denial of Jaime's motion to abate child support payments, as that order was not accompanied by the requisite Rule 304(a) finding. While the order did state "[t]his is a final and appealable order," that language was not sufficient to support appellate jurisdiction under Rule 304(a). *Palmolive*, 409 Ill. App. 3d at 544 ("A circuit court's declaration that an order is 'final and appealable,' without reference to the justness of delay, or even reference to immediate appealability, evinces no application of the discretion Rule 304(a) contemplates. [Citation.] Instead, absent some other indication from the record that the court intended to invoke Rule 304(a) [citation], a circuit court's declaration that an order is 'final and appealable' amounts to nothing more than a nonbinding interpretation.").[1]

¶ 28 However, even if we followed the earlier line of First District cases, which held that a Rule 304(a) finding is not required " 'so long as the matters still pending below are unrelated to the matter on appeal' " (*supra* ¶ 26), we would still find that we lack appellate jurisdiction over this matter. The contempt proceeding, which remained pending in the circuit court after the notices of appeal were filed, deals with Jaime's failure to meet his court-ordered child support responsibilities. Jaime's motion to abate explained his reasons for not meeting his child

---

[1]Our discussion of this issue speaks broadly of the need for Rule 304(a) language in order to appeal otherwise final orders that do not resolve all postdissolution claims, as did the discussion in *Teymour*. Of course, while none are relevant here, there are a number of specific types of final orders that—while they do not resolve all postdissolution claims—could potentially be entered in a postdissolution context and are nevertheless appealable without any such language. See Ill. S. Ct. R. 304(b) (eff. Mar. 8, 2016).

support obligation and sought to immediately abate or suspend those payments, relief which would assist Jaime in defending the contempt proceeding. Jaime filed the motion to abate shortly after the court issued the rule to show cause, and the Department was involved in the litigation of both matters. Thus, Jaime's attempt to abate the court-ordered child support payments was directly related to, and intertwined with, the contempt proceedings, which remained pending below when he filed this appeal.

¶ 29    For these reasons, we conclude that Jaime's appeal from the denial of his motion to reconsider the denial of his motion to abate must be dismissed for lack of appellate jurisdiction.

¶ 30    Moreover, dismissal is appropriate for yet other reasons. Jaime's briefs do not cite the record on appeal and do not present coherent arguments with supporting authority as to any error in the court's decisions with regard to the abatement matter, as required by subsections (h)(4)(ii), (h)(6), and (h)(7) of Illinois Supreme Court Rule 341 (Ill. S. Ct. R. 341(h)(4)(ii), (6), (7) (eff. Nov. 1, 2017)). The appendix to Jaime's appellant's brief includes copies of court records that are not part of the record on appeal, but does not include a table of contents of the record on appeal, in violation of Illinois Supreme Court Rule 342 (eff. July 1, 2017).

¶ 31    "The procedural rules governing the content and format of appellate briefs are mandatory." *Ammar v. Schiller, DuCanto & Fleck, LLP*, 2017 IL App (1st) 162931, ¶ 11 (citing *Voris v. Voris*, 2011 IL App (1st) 103814, ¶ 8). Where an appellant fails to meet the requirements of Illinois Supreme Court Rule 341 (eff. Nov. 1, 2017) as to the content and format of briefs, this court has the authority to dismiss the appeal. *Ammar*, 2017 IL App (1st) 162931, ¶ 11.

¶ 32    The problems caused by Jaime's failure to present a compliant brief are exacerbated by the state of the record. The record on appeal does not contain any of the pleadings that gave rise to the June 22, 2016, order regarding child support. There are no transcripts or suitable substitutes, such as bystander's reports, of the proceedings relating to the June 22, 2016, child support order, or the hearings on the motion to abate and motion to reconsider the denial of the motion to abate. The record is bereft of the proof upon which Jaime's child support was originally determined by the circuit court in the dissolution judgment. Therefore, we cannot fully examine any change in the circumstances of Jaime's employment or other factors that may be relevant to the issue of abatement. As the appellant, Jaime has the responsibility to present a sufficiently complete record to this court, including transcripts, to support his claims of error on appeal. *Foutch*, 99 Ill. 2d at 391-92.

¶ 33    We now turn to Jaime's appeal from the denial of his motion to vacate the plenary order of protection. Before doing so, we again consider whether there is appellate jurisdiction over this order in light of the fact that the contempt proceedings were pending below at the time the appeal was filed.

¶ 34    Illinois Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2016) allows an appeal from an interlocutory order "granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction." An order of protection is injunctive in substance. *In re T.H.*, 354 Ill. App. 3d 301, 308 (2006); *In re Marriage of Fischer*, 228 Ill. App. 3d 482, 486 (1992). A motion to vacate a protective order is considered one seeking to dissolve or modify an injunction. *Fischer*, 228 Ill. App. 3d at 488-89. Therefore, even if the postdissolution order denying Jaime's motion to vacate the plenary order of protection is interlocutory, in that the contempt proceeding remained pending below, it is appealable under Rule 307(a)(1). Jaime filed a notice of appeal within 30 days of the denial of his motion to vacate, and therefore we

have appellate jurisdiction to review that order under Rule 307(a)(1). See *Doe v. Illinois Department of Professional Regulation*, 341 Ill. App. 3d 1053, 1059 (2003).

¶ 35    The central issue in a proceeding to obtain an order of protection is whether the petitioner has been abused. *Best v. Best*, 223 Ill. 2d 342, 348 (2006). If the preponderance of the evidence establishes that abuse occurred, the circuit court is compelled to issue an order of protection. *Id.*; 750 ILCS 60/214(a) (West 2016). A decision as to whether to dissolve an injunctive order is reviewed for an abuse of discretion. *Debowski v. Shred Pax Corp.*, 45 Ill. App. 3d 891, 899 (1977).

¶ 36    Jaime has not presented a sufficient record for us to determine whether the court abused its discretion in denying the motion to vacate the plenary order of protection. The petition for plenary order of protection is not contained in the record, and we therefore do not know the claims or allegations made by Martha when she sought the protective order. There are no transcripts of the proceedings as to the hearings on the emergency order of protection that preceded the plenary order of protection, the plenary order of protection, or the motion to vacate the plenary order of protection. Therefore, we are without the evidence and arguments that were considered by the circuit court in reaching its decisions.

¶ 37    As we previously noted, as the appellant, Jaime has the duty to present a sufficient record to allow this court to review his challenge to the order denying his motion to vacate the plenary order of protection. *Foutch*, 99 Ill. 2d at 391-92. Without such a record, we must presume that the circuit court's order was in conformity to the law and the findings were based on the evidence presented. *Watkins v. Office of the State Appellate Defender*, 2012 IL App (1st) 111756, ¶ 19. We therefore affirm the denial of the motion to vacate the plenary order of protection.

¶ 38    Furthermore, Jaime has once again failed to present any coherent arguments with supporting authority as to any error regarding the plenary order of protection or the denial of his motion to vacate it. He has not provided a proper statement of facts or procedural history and does not cite the record on appeal. Therefore, his brief does not comply with the provisions of Rule 341. For this additional reason, we must affirm the order denying his motion to vacate the plenary order of protection.

¶ 39    We note that Jaime has proceeded *pro se* on this appeal, but was nevertheless required to meet all procedural requirements. *Ammar*, 2017 IL App (1st) 162931, ¶ 16 ("Where a party has chosen to represent himself, he is held to the same standard as a licensed attorney and must comply with the same rules."). This is no insignificant task, and Jaime's failures in this regard have proven fatal with respect to the issues he raises in this appeal. In his prior appeal, we explained to Jaime the necessity of complying with appellate requirements, both as to his briefs and with respect to presenting a sufficient record on appeal. *Sanchez*, 2012 IL App (1st) 112898-U, ¶¶ 6-7. The warnings appear to have been of little assistance.

¶ 40    Our supreme court has recognized the growing number of self-represented litigants in our trial and appellate courts and the challenges that are presented thereby. The court's website includes aids for self-represented litigants in the appellate courts, including a self-help guide that includes a timeline and check lists. Illinois Courts, *Guide for Appeals to the Illinois Appellate Court for Self-Represented Litigants* (Feb. 16, 2018), http://www.illinoiscourts.gov/CivilJustice/Resources/Guide_for_Appeals_to_the_IL_Appellate_Court_rev_093016.pdf (last visited Feb. 16, 2018). Additionally, in order to assist unrepresented parties in filing compliant briefs, standardized briefs—provided as fillable forms in a PDF format—are

available on the court's website. *Approved Statewide Forms*, Illinois Supreme Court, http://www.illinoiscourts.gov/Forms/approved/ (last visited Feb. 16, 2018).

¶ 41    In light of the serious consequences flowing from a lack of compliance with the relevant appellate requirements, we truly hope that these self-help aids will become both more well-known and better utilized by unrepresented litigants. They represent an important effort to balance the requirement that unrepresented litigants be held to the same standard as a licensed attorney with the reality of the serious challenges faced by the growing number of self-represented litigants in our appellate courts.

¶ 42    In conclusion, we dismiss the appeal from the order denying the motion to reconsider the denial of Jaime's motion to abate child support, and we affirm the order denying his motion to vacate the plenary order of protection.

¶ 43    Affirmed in part and dismissed in part.