2025 IL App (1st) 251306-U

No. 1-25-1306

Order filed December 12, 2025

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| I.C.STARS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 25 CH 06745 |
| | ) | |
| EZRA ALEM, | ) | Honorable |
| | ) | Alison C. Conlon, |
| Respondent-Appellant. | ) | Judge, presiding. |

_____

JUSTICE TAILOR delivered the judgment of the court.
Justices Mikva and Oden Johnson concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We affirm the judgment of the circuit court where respondent failed to provide a record on appeal sufficient for our review of the issues presented.

¶ 2    Respondent Ezra Alem appeals *pro se* from the circuit court's order granting petitioner i.c.stars' motion for an emergency order of protection under the Workplace Violence Prevention Act (Act) (820 ILCS 275/1 *et seq*. (West 2024)). (We style petitioner's name in lowercase letters and without spacing to comport with the styling in the record on appeal.) On appeal, Alem argues

that the court relied on "speculative, unverified and inadmissible evidence," and failed to consider his due process rights and concerns of judicial bias and conflict of interest. We affirm.

¶ 3    The record on appeal consists of one volume of the common law record and lacks a report of proceedings or any acceptable substitute.

¶ 4    On June 26, 2025, i.c.stars [inner-city computer stars], a non-profit technology-based workforce development agency for underserved young adults, filed a petition under the Act for an emergency order of protection against Alem. The petition requested Alem refrain from coming within 500 feet of i.c.stars' building; not contact, threaten, or interfere with i.c.stars' staff, program participants, employer partners, or sponsors; and not possess or carry a firearm or weapon.

¶ 5    The petition alleged that Alem interned in i.c.stars' "intensive technology training program" from May 12, 2025, to May 29, 2025, during which time he "exhibited concerning behavioral patterns that escalated to direct threats" against i.c.stars' staff and program participants. On May 28, 2025, Alem was sent home "due to aggressive behavior" toward another intern. Two program participants then heard Alem say, "I'm going to come back here and shoot this place up." Alem was released from the program on May 29, 2025, "due to his threatening behavior and inability to function appropriately within the program environment." On June 14, 2025, Alem told three program participants, "You guys are safe because you are not on the list for when I go in and shoot up the office."

¶ 6    Alem subsequently engaged in harassment via text messages and FaceTime calls, and inappropriately contacted i.c.stars' sponsors and partners. On June 17, 2025, i.c.stars' chief executive officer (CEO) filed a police report regarding Alem's conduct and emailed Alem requesting he refrain from contacting anyone at i.c.stars.

¶ 7      On June 30, 2025, Alem filed a declaration in opposition to the petition arguing that the CEO had a conflict of interest, Alem was denied reasonable accommodation under the Americans with Disabilities Act, and the allegations in the petition were vague. Alem requested the court deny the protective order or grant a 14-day continuance so he could retain counsel, submit supporting documentation, request discovery, and identify and cross-examine witnesses.

¶ 8      On June 20, 2025, the circuit court scheduled the petition for presentment on July 1, 2025.

¶ 9      On July 1, 2025, the circuit court granted i.c.stars' petition and, under the Act, entered an emergency order of protection against Alem effective until July 22, 2025. Both i.c.stars and Alem, who declined to testify, attended the hearing. Alem filed a motion to "rehear or modify emergency protection order," which the circuit court denied on July 2, 2025.

¶ 10      On appeal, Alem argues that the circuit court relied on "speculative, unverified and inadmissible evidence," failed to consider his due process rights, and ignored concerns of judicial bias and conflict of interest.

¶ 11      As an initial matter, this court has an independent duty to ascertain its jurisdiction. *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009). Therefore, we must address whether the order appealed from qualifies as an appealable injunctive order for purposes of Illinois Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017).

¶ 12      Rule 307(a)(1) allows an appeal from an interlocutory order "granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction." *Id*. "An order of protection is injunctive in substance." *In re Marriage of Sanchez & Sanchez-Ortega*, 2018 IL App (1st) 171075, ¶ 34. This is because such an order "directs a person to refrain from doing something." *In re Marriage of Fischer*, 228 Ill. App. 3d 482, 486 (1992).

¶ 13    Here, the emergency order of protection directed Alem to refrain from doing certain things, including coming within 500 feet of i.c.stars' building and staff. The emergency order of protection, therefore, qualifies as an injunctive order from which Alem may appeal pursuant to Rule 307(a)(1).

¶ 14    Notwithstanding, this appeal is moot because the emergency order of protection expired on July 22, 2025, and, therefore, is no longer in effect. *In re Marriage of Palarz*, 2022 IL App (1st) 210618, ¶¶ 25-26; see, *e.g.*, *McClellan v. Hull*, 2023 IL App (1st) 220465, ¶ 59 ("We note, however, that the [emergency order for protection] has since expired and is now moot."). An appeal that is moot, however, may still be considered if the issue falls within a recognized exception to the mootness doctrine. *City of La Salle v. Hicks*, 2025 IL App (3d) 240351, ¶ 67. These include "(1) the public-interest exception, (2) the capable-of-repetition exception, and (3) the collateral-consequences exception." (Internal quotation marks omitted.) *In re Rob W.*, 2021 IL App (1st) 200149, ¶ 50.

¶ 15    This court has applied the public interest exception to appeals from orders of protection. See *Hicks*, 2025 IL App (3d) 240351, ¶ 6 (petition for an order of protection under the Act); *Fricke v. Jones*, 2021 IL App (5th) 200044, ¶ 3 (petition seeking orders of protection pursuant to the Domestic Violence Act). Even if Alem's appeal falls under an exception to the mootness doctrine, however, the record tendered for our review is insufficient to resolve the appeal on the merits.

¶ 16    Alem, as appellant, bears the burden of presenting a "sufficiently complete record of the proceedings at trial to support a claim of error" so that this court may evaluate that alleged error. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984) ("From the very nature of an appeal it is evident that the court must have before it the record to review in order to determine whether there was the

error claimed by the appellant."). Any doubts that may arise due to the incompleteness of the record are resolved against Alem. *Id.* at 392.

¶ 17    Illinois Supreme Court Rule 321 (eff. Oct. 1, 2021) states that the record on appeal shall include the "entire original common law record" and "any report of proceedings prepared in accordance with Rule 323."

¶ 18    As stated, the record on appeal lacks a report of proceedings. The written order granting i.c.stars' petition, however, indicates that both i.c.stars and Alem were present before the court and judgment was entered after a hearing. Without a report of proceeding or an acceptable substitute, such as a bystanders report or agreed statement of facts (see Ill. S. Ct. R. 323 (eff. July 1, 2017)), this court has no knowledge of what testimony, evidence and exhibits, and arguments, if any, were presented to the court and the basis for the court's order. Thus, the record is insufficient for our review of the merits of Alem's appeal. We therefore must presume that the circuit court acted in compliance with the law and had a sufficient factual basis for its findings. *Foutch*, 99 Ill. 2d at 391-92; *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156-57 (2005).

¶ 19    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 20    Affirmed.