2026 IL App (1st) 251004-U

No. 1-25-1004

Order filed June 18, 2026

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| *In re* PARENTAGE OF S.D.D., a Minor | ) | Appeal from the |
| | ) | Circuit Court of |
| (Sean Dennis, | ) | Cook County. |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | |
| v. | ) | No. 17 D5 79115 |
| | ) | |
| Sarah Brown, | ) | Honorable |
| | ) | Bernadette Barrett, |
| Respondent-Appellant). | ) | Judge, presiding. |

PRESIDING JUSTICE C.A. WALKER delivered the judgment of the court.
Justices Pucinski and Gamrath concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We dismiss the appeal for lack of jurisdiction where respondent untimely filed her motion for leave to file a late notice of appeal.

¶ 2    Respondent Sarah Brown, the biological mother of the minor S.D.D., appeals the circuit court's orders allocating parental responsibilities and child support obligations between respondent and petitioner Sean Dennis, the minor's biological father. On appeal, respondent argues that those

orders were "confusing" and "contradictory," and that this court should reevaluate the orders based on "significant changes in financial circumstances." We dismiss the appeal for lack of jurisdiction.

¶ 3    The record on appeal establishes that petitioner and respondent are the biological parents of the minor, and that they were unmarried when the minor was conceived and later born on September 15, 2016. On September 21, 2017, petitioner filed a *pro se* "complaint" pursuant to section 301 of the Illinois Parentage Act of 2015 (Act) (750 ILCS 46/301 (West 2018)) voluntarily acknowledging his paternity and seeking an order establishing a parent-child relationship between him and the minor. Subsequently, on November 13, 2017, petitioner filed a *pro se* petition for visitation, alleging that respondent, as the custodial parent, had not allowed him reasonable visitation with the minor. He thus requested an order setting a reasonable visitation schedule.

¶ 4    On January 22, 2018, respondent filed through counsel a petition for temporary and permanent child support. She requested that petitioner maintain health insurance for the minor and pay a "substantial percentage" of the expenses for the minor's uncovered medical care, education, childcare, and extracurricular activities.

¶ 5    In April 2018, respondent's counsel moved to withdraw as counsel. The court granted the motion and respondent proceeded *pro se*.

¶ 6    In June 2022, petitioner retained counsel, who subsequently moved to withdraw as counsel. The court granted the motion, and petitioner also proceeded *pro se*.

¶ 7    Relevant to respondent's appeal, on April 24, 2024, the court entered an allocation of parental responsibilities and parenting plan, which incorporated an agreement by the parties with rulings on contested issues. The plan set forth, among other things, terms for the minor's residence, education, extracurricular activities, and financial support. It also scheduled both parents'

parenting time during holidays. The court also entered orders resolving other contested issues such as the weekly schedule for visitations and the monthly child support payments to be made by petitioner.

¶ 8    On May 28, 2025, respondent filed a *pro se* motion for leave to file a late notice of appeal, requesting that this court "modify/strike previous orders dated April 24, 2024" due to alleged contradictions between them. On June 4, 2025, this court entered an order allowing the motion.

¶ 9    Subsequently, we took the appeal on the record and respondent's brief only. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976) (reviewing court may take case on appellant's brief only).

¶ 10    On appeal, respondent contends that the circuit court's orders entered on April 24, 2024, were "confusing," "contradictory," and failed to meet the best interests of the minor. She asked that this court "[r]ehear the request for modification of the child support order" and "[s]trike or modify any conflicting orders to provide clear, equitable directives that prioritize the best interests of the child."

¶ 11    As an initial matter, respondent's brief fails to comply with most of the requirements of Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020). For instance, in violation of Rule 341(h)(3), respondent fails to provide a clear statement of the issues presented for review. Ill. S. Ct. R. 341(h)(3) (eff. Oct. 1, 2020). Further, she does not provide a statement identifying the supreme court rule or other law that confers jurisdiction on this court. See Ill. S. Ct. R. 341(h)(4) (eff. Oct. 1, 2020). Nor does she set forth a statement of facts "necessary to an understanding of the case" and stated "accurately and fairly without argument or comment." See Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020). She also fails to identify the "precise relief sought" with this appeal, instead asking

this court to generally "rehear" the case and to strike or modify "any conflicting orders." Ill. S. Ct. R. 341(h)(8) (eff. Oct. 1, 2020).

¶ 12    In violation of Rule 341(h)(7), respondent also fails to set forth any cogent argument in her brief for this court to review. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). She instead makes general assertions with no specific reference to any error made by the circuit court, *i.e.*, alleging "inconsistencies present in the current orders [that] necessitate rectification to promote clarity and fairness," and "there were 2 orders entered completely different [*sic*] from each other." A reviewing court is entitled to have issues clearly defined and supported by pertinent authority and cohesive arguments. *See v. Illinois Gaming Board*, 2020 IL App (1st) 192200, ¶ 24. This court is not a "repository into which parties may dump the burden of argument and research, nor is it the obligation of this court to act as an advocate." *Id.* Further, "[a]n issue that is merely listed in a vague allegation of error is not argued, fails to satisfy Rule 341(h)(7), and is, therefore, forfeited." *Atlas v. Mayer Hoffman McCann, P.C.*, 2019 IL App (1st) 180939, ¶ 36 (citing *Vancura v. Katris*, 238 Ill. 2d 352, 370 (2010)).

¶ 13    Supreme court rules are "not mere suggestions." *SMS Financial CH, LLC v. Feurer*, 2025 IL App (1st) 250033, ¶ 40. *Pro se* litigants must comply with the same procedural rules required of attorneys. *Gillard v. Northwestern Memorial Hospital*, 2019 IL App (1st) 182348, ¶ 45. While we could dismiss respondent's appeal for failure to comply with Rule 341 (*In re Marriage of Sanchez & Sanchez-Ortega*, 2018 IL App (1st) 171075, ¶ 31), we decline to do so. That said, regardless of the deficiencies of respondent's brief, we still cannot review her appeal on its merits for lack of jurisdiction. See *National Collegiate Student Loan Trust 2007-4 v. Phelps*, 2025 IL App (1st) 231783, ¶ 18 (this court has an independent duty to consider its own jurisdiction).

¶ 14    Under Illinois Supreme Court Rule 304(b)(6) (eff. Mar. 8, 2016), a judgment allocating parental responsibilities under the Act, or any modification of such judgment, is a final, independently appealable order. Yet, judgments or orders appealable under Rule 304(b) are also subject to the time limitations for appeals as provided in Illinois Supreme Court Rule 303 (eff. July 1, 2017). Ill. S. Ct. R. 304(b) (eff. Mar. 8, 2016). Under Rule 303(a), a notice of appeal must be filed with the circuit court clerk within 30 days after the entry of the final judgment appealed. Ill. S. Ct. R. 303(a) (eff. July 1, 2017). While an appellant may file a motion for leave to file a late notice of appeal, that motion must be filed in this court within 30 days after the expiration of the time for filing a notice of appeal. Ill. S. Ct. R. 303(d) (eff. July 1, 2017).

¶ 15    Here, respondent challenges the orders entered by the circuit court on April 24, 2024, stating that on appeal she "seek[s] modification of child support orders issued" on that date. Yet, respondent failed to timely file a notice of appeal in the circuit court. Nor did she timely file her motion for leave to file a late notice of appeal, which would have been due on June 24, 2024. See 5 ILCS 70/1.11 (West 2024) (when a filing deadline falls on a weekend, the weekend is excluded from the deadline calculation). Rather, she filed her motion for leave to file a late notice of appeal on May 28, 2025, over a year after the entry of the April 24, 2024, orders being appealed. This court has no authority to excuse respondent's failure to comply with the supreme court rules governing the time limits for filing a notice of appeal. See *Graves v. Cook County Republican Party*, 2020 IL App (1st) 181516, ¶ 30. Because respondent failed to timely file a notice of appeal, or timely file a motion for leave to file a late notice of appeal, we lack jurisdiction to consider her appeal. Consequently, our order allowing her leave to file the late notice of appeal was improvidently granted and must be vacated.

¶ 16    For the foregoing reasons, we vacate our June 4, 2025, order allowing respondent to file a late notice of appeal and dismiss the appeal for lack of jurisdiction.

¶ 17    Appeal dismissed.