2017 IL App (1st) 170215

Nos. 1-17-0215, 1-17-0405 cons.

Fifth Division
June 23, 2017

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

_____

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | |
| | ) | Appeal from the Circuit Court |
| MARTHA PADILLA, | ) | of Cook County. |
| | ) | |
| Petitioner-Appellee, | ) | No. 14 D 6997 |
| | ) | |
| and | ) | The Honorable |
| | ) | Timothy Murphy and |
| ROBERT KOWALSKI, | ) | William S. Boyd, |
| | ) | Judges Presiding. |
| Respondent-Appellant. | ) | |
| | ) | |

_____

PRESIDING JUSTICE GORDON delivered the judgment of the court, with opinion.
Justices Lampkin and Reyes concurred in the judgment and opinion.

**OPINION**

¶ 1    The instant appeal arises from the trial court's continuance of an emergency *ex parte* order of protection, which awarded petitioner Martha Padilla the physical care and possession of the 12-year-old son of petitioner and respondent Robert Kowalski. The order of protection had been continued a number of times over 10 months, and the trial court order at issue on appeal ordered that respondent's motion for rehearing on the order of protection would not be heard until certain other pending motions had first been decided. Respondent appeals this order, claiming that it constitutes an improper injunction that deprives him of his

due process rights. For the reasons that follow, we reverse the trial court's order and order the trial court to hold a hearing on respondent's motion.

¶ 2                                    BACKGROUND

¶ 3        On September 7, 2016, petitioner filed a petition for an order of protection pursuant to the Illinois Domestic Violence Act of 1986 (Domestic Violence Act) (750 ILCS 60/101 *et seq.* (West 2014)) against respondent, her husband; the petition indicated that there was another case pending between the parties in the domestic relations division.[1] On the same day, the trial court entered an emergency *ex parte* order of protection against respondent, which prohibited respondent from entering petitioner's home, granted petitioner physical care and possession of the parties' then-12-year-old child, and denied respondent visitation or any contact with the child. The order was to be in effect until September 28, 2016, at which point the matter was set for a hearing.

¶ 4        On September 16, 2016, respondent filed a motion for rehearing and to vacate the emergency order of protection.

¶ 5        Between September 20, 2016, and December 8, 2016, the emergency order of protection was extended five times, and respondent's motion for rehearing was similarly entered and continued five times. The latest order extended the emergency order of protection to December 29, 2016, at which point the matter was set for a hearing; respondent's motion for rehearing was entered and continued to the same day.

¶ 6        On December 14, 2016, the trial court entered an order requiring a status report on "all pending pleadings" before the court on January 5, 2017. The order stated that "[t]his Court

---

[1]Petitioner's testimony at the hearing on her petition indicated that the parties were in the process of dissolving their marriage and no longer lived together, but that the dissolution was not yet finalized.

cannot hear any motions prior to the resolution of the pending motions to disqualify [respondent's counsel] and to remove the G.A.L."[2] There is no status report contained in the record on appeal.

¶ 7 On December 29, 2016, the trial court extended the order of protection until January 19, 2017, at which point the matter was set for hearing; respondent's motion for rehearing was entered and continued to the same day. This December 29 order was subsequently modified to extend the order of protection to January 5, 2017, at which point the matter was set for hearing; respondent's motion for rehearing was also continued to that date. On January 5, 2017, the trial court entered an order extending the emergency order of protection to January 26, 2017, at which point the matter was set for hearing; respondent's motion for rehearing was continued to the same day.

¶ 8 On January 23, 2017, the trial court entered an order requiring a status report on "all pending matters" before the court on March 15, 2017. The order set the pending petitions to disqualify respondent's counsel and to remove the GAL for hearing on the same date. The order also stated that "[t]his Court cannot hear any additional motions until such time as the above matters are resolved." On January 26, 2017, the trial court entered an order extending the emergency order of protection to February 16, 2017, at which point the matter was set for hearing; respondent's motion for rehearing was continued to the same day.

¶ 9 Also on January 26, 2017, respondent filed a notice of interlocutory appeal pursuant to Illinois Supreme Court Rule 307(a)(1) and 307(d) (eff. Feb. 26, 2010), appealing "the

---

[2]These motions are not included in the record on appeal. However, according to respondent's brief, petitioner had filed a motion to disqualify respondent's counsel, and respondent had filed a motion to remove the guardian *ad litem* (GAL).

January 26, 2017 Disposition Order and January 23, 2017 Injunction Order" (appeal No. 1-17-0215). We granted respondent's petition for leave to appeal on February 22, 2017.

¶ 10    On February 16, 2017, the trial court entered an order extending the emergency order of protection to March 7, 2017, at which point the matter was set for hearing. On the same day, respondent filed a notice of interlocutory appeal pursuant to Illinois Supreme Court Rules 307(a)(1) (eff. Feb. 26, 2010) and 306(a)(5) (eff. July 1, 2014), appealing the February 16 order (appeal No. 1-17-0405). We granted respondent's petition for leave to appeal and consolidated the two appeals.

¶ 11                                        ANALYSIS

¶ 12    On appeal, respondent argues that the trial court's January 23, 2017, order constituted an injunction, which prevented a hearing on the emergency order of protection in violation of his constitutional and statutory rights. Respondent further argues that the trial court lacked jurisdiction to enter the February 16, 2017, order further extending the emergency order of protection.

¶ 13    Petitioner claims that we lack appellate jurisdiction to consider respondent's appeals. As an appellate court, we are required to consider our jurisdiction, even if the parties do not raise the issue. *A.M. Realty Western L.L.C. v. MSMC Realty, L.L.C.*, 2016 IL App (1st) 151087, ¶ 67. The question of whether we have jurisdiction over the instant appeal presents a question of law, which we review *de novo*. *In re Marriage of Demaret*, 2012 IL App (1st) 111916, ¶ 25; *In re Marriage of Gutman*, 232 Ill. 2d 145, 150 (2008). *De novo* consideration means we perform the same analysis that a trial judge would perform. *Khan v. BDO Seidman, LLP*, 408 Ill. App. 3d 564, 578 (2011).

¶ 14    In the case at bar, respondent filed a petition for interlocutory appeal pursuant to Illinois Supreme Court Rule 307(d) (eff. Feb. 26, 2010), which provides for appeal of an interlocutory order concerning "the granting or denial of a temporary restraining order or an order modifying, dissolving, or refusing to dissolve or modify a temporary restraining order." We note that a temporary restraining order is one of several types of injunctions available under Illinois law. See *County of Boone v. Plote Construction, Inc.*, 2017 IL App (2d) 160184, ¶ 27 ("Under Illinois law, there are three types of injunctive relief: a [temporary restraining order], a preliminary injunction, and a permanent injunction."). While Rule 307(d) sets out the specific process for appealing a temporary restraining order, Rule 307(a)(1) permits interlocutory appeals of orders "granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction." Ill. S. Ct. R. 307(a)(1) (eff. Feb. 26, 2010). Thus, the type of injunction at issue does not affect our jurisdiction—if the order at issue was an injunction itself or concerned the modification or dissolution of an injunction, we have jurisdiction to review it.

¶ 15    The order at issue in the case at bar was the trial court's January 23, 2017, order, in which the trial court ordered a status report on "all pending matters" before the court on March 15, 2017. The order set the pending petitions to disqualify respondent's counsel and to remove the GAL for hearing on the same date. The order also stated that "[t]his Court cannot hear any additional motions until such time as the above matters are resolved." We must, therefore, consider whether this order falls under the purview of either Rule 307(a)(1) or Rule 307(d).

¶ 16    Respondent admits that neither party requested an injunction and that the trial court order is not labeled an injunction, but argues that the order represented a *de facto* injunction that

5

the trial court issued *sua sponte*. However, we have no need to consider whether the order is itself an injunction, because we also have jurisdiction to review an order "modifying, dissolving, or refusing to dissolve or modify a temporary restraining order." Ill. S. Ct. R. 307(d) (eff. Feb. 26, 2010); see also Ill. S. Ct. R. 307(a)(1) (eff. Feb. 26, 2010) (providing for appellate review of orders "modifying, refusing, dissolving, or refusing to dissolve or modify an injunction.").

¶ 17    "To determine what constitutes an appealable injunctive order under Rule 307(a)(1) we look to the substance of the action, not its form. *** Actions of the circuit court having the force and effect of injunctions are still appealable even if called something else." *In re A Minor*, 127 Ill. 2d 247, 260 (1989). An injunction is "a 'judicial process operating in personam, and requiring [a] person to whom it is directed to do or refrain from doing a particular thing.' " *In re A Minor*, 127 Ill. 2d at 261 (quoting Black's Law Dictionary 705 (5th ed. 1979)). "An order of protection is an injunctive order because it directs a person to refrain from doing something, such as to refrain from entering or residing where he or she lived before the order was entered." *In re Marriage of Fischer*, 228 Ill. App. 3d 482, 486-87 (1992). Thus, the initial emergency order of protection was an injunctive order, as was each order entered that extended the emergency order of protection.

¶ 18    Additionally, shortly after the emergency order of protection was initially entered, respondent filed a motion for rehearing and to vacate the order, as instructed under the Domestic Violence Act. See 750 ILCS 60/224(d) (West 2014). Each order extending the emergency order of protection also entered and continued the hearing of respondent's motion for rehearing. Thus, at the time that the trial court entered its January 23, 2017, order, stating that "[t]his Court cannot hear any additional motions until such time as the above matters are

resolved," one such "additional motion[ ]" was respondent's motion for rehearing and to vacate the emergency order of protection.[3] By stating that it was refusing to hear respondent's motion, the trial court was, in effect, refusing to dissolve or modify the emergency order of protection. Thus, the trial court's January 23 order was an order "refusing to dissolve or modify an injunction," and we have jurisdiction over the instant appeal under either Rule 307(a)(1) or Rule 307(d).

¶ 19        Petitioner argues that the order at issue was not an injunctive order because it was merely administrative and concerned the trial court setting the sequence in which it would consider the matters pending before it. "Orders of the circuit court which can be properly characterized as 'ministerial,' or 'administrative'—because they regulate only the procedural details of litigation before the court—cannot be the subject of an interlocutory appeal." *In re A Minor*, 127 Ill. 2d at 262. "They do not affect the relationship of the parties in their everyday activity apart from the litigation, and are therefore distinguishable from traditional forms of injunctive relief." *In re A Minor*, 127 Ill. 2d at 262. We cannot agree with petitioner that the instant order was an administrative order. The order in question affected the parties in their everyday activity apart from the litigation, as it denied respondent the opportunity to defend himself against the allegations contained in the emergency order of protection and resulted in his continued inability to contact his child. See *In re Marriage of Blitstein*, 212 Ill. App. 3d 124, 130 (1991) ("The order in question clearly affects the parties in their everyday activities apart from the lawsuit since it prevents [the respondent] from entering a residence

---

[3]We note that, despite this language, the trial court nevertheless again extended the emergency order of protection on January 26, 2017, and entered and continued hearing on respondent's motion for rehearing until that date.

in which he has an ownership interest and provides [the petitioner] with exclusive possession of the residence."), *overruled on other grounds*, *Best v. Best*, 223 Ill. 2d 342, 350 (2006).

¶ 20    Additionally, petitioner's argument overlooks the highly expedited timeline for emergency orders of protection that is expressly provided in the Domestic Violence Act. Under section 224 of the Domestic Violence Act, if the emergency order of protection grants the petitioner exclusive possession—as the emergency order of protection in the instant case did—and the respondent seeks to rehear or vacate that grant, "the court shall set a date for hearing within 14 days on all issues relating to exclusive possession." 750 ILCS 60/224(e) (West 2014). Moreover, "[u]nder no circumstances shall a court continue a hearing concerning exclusive possession beyond the 14th day, except by agreement of the parties." 750 ILCS 60/224(e) (West 2014). Thus, while normally, it may be merely an administrative issue for the court to schedule the matters before it, in the case of this type of emergency order of protection issued under the Domestic Violence Act, the legislature has expressly set forth the timeline for scheduling a hearing on a motion for rehearing. This further demonstrates that a trial court's order concerning the hearing of such a motion affects the parties in their everyday activities and is not merely administrative.

¶ 21    We also find petitioner's attempt to draw an analogy between the order at issue in the instant case and that present in *In re Marriage of Eckersall*, 2014 IL App (1st) 132223, to be unpersuasive. First, the appellate court decision in *Eckersall* was vacated by the Illinois Supreme Court and is therefore not good law. See *In re Marriage of Eckersall*, 2015 IL 117922. Additionally, unlike the order imposing conditions on visitation at issue in *Eckersall*, "[a] request for an order of protection pursuant to the [Domestic Violence] Act is not an inherent part of a marital dissolution proceeding, *** nor is it a matter which arises

8

exclusively in such a proceeding." *In re Marriage of Blitstein*, 212 Ill. App. 3d at 129. Indeed, the emergency order of protection in the instant case was not filed as part of the dissolution proceedings but was filed independently. Accordingly, we are not persuaded by petitioner's argument and find we have jurisdiction to consider the instant appeals.

¶ 22    Turning, then, to the merits of respondent's argument, respondent argues that the trial court erred in ordering that the hearing on the emergency protective order and on respondent's motion for rehearing would not be considered until after other pending matters were first resolved. Respondent argues that this order was improper for several reasons. However, we discuss only the reason we find compels reversal, namely, the violation of section 224 of the Domestic Violence Act.

¶ 23    "When a party appeals the modification of an order of protection, we will ask whether the trial court abused its discretion." *In re Marriage of Munger*, 339 Ill. App. 3d 1104, 1107 (2003). However, in the case at bar, the trial court did not modify the order of protection, but instead indicated that it would not hear respondent's motion for rehearing, and we are asked to determine whether doing so violated the Domestic Violence Act. The question of whether the trial court complied with statutory requirements presents a question of law, which we review *de novo*. *People v. Castillo*, 2016 IL App (2d) 140529, ¶ 6; *In re Ashley C.*, 2014 IL App (4th) 131014, ¶ 22; *In re Jonathan P.*, 399 Ill. App. 3d 396, 401 (2010). As noted, *de novo* consideration means we perform the same analysis that a trial judge would perform. *Khan*, 408 Ill. App. 3d at 578.

¶ 24    In the case at bar, respondent had properly filed a motion for rehearing or to vacate the emergency order of protection shortly after it was originally entered, as instructed under the Domestic Violence Act. See 750 ILCS 60/224(d) (West 2014). This motion for rehearing

was entered and continued each time that the emergency order of protection was extended, and in its January 23 order, the trial court indicated that this motion would not be heard until the other matters concerning respondent's counsel and the GAL had first been resolved. We agree with respondent that this failure to hear respondent's motion for rehearing violated the express requirements of the Domestic Violence Act.

¶ 25     As noted, under section 224 of the Domestic Violence Act, if the emergency order of protection grants the petitioner exclusive possession—as the emergency order of protection in the instant case did—and the respondent seeks to rehear or vacate that grant, "the court shall set a date for hearing within 14 days on all issues relating to exclusive possession." 750 ILCS 60/224(e) (West 2014). Our supreme court has indicated that the use of the word "shall" in a statute "has [been] construed as a clear expression of legislative intent to impose a mandatory obligation." *People v. O'Brien*, 197 Ill. 2d 88, 93 (2001). Thus, the trial court had the obligation to set the motion for hearing within 14 days of its filing. Moreover, section 224 further provides that "[u]nder no circumstances shall a court continue a hearing concerning exclusive possession beyond the 14th day, except by agreement of the parties." 750 ILCS 60/224(e) (West 2014). Here, there is no claim that the parties agreed to continue a hearing on respondent's motion past the 14-day deadline. Thus, "[u]nder no circumstances" should the trial court have continued the hearing.

¶ 26     Petitioner's only response to respondent's argument is that the trial court has the authority to control its own docket and it did not abuse its discretion in choosing to resolve the other pending matters first. However, this again overlooks the fact that the legislature has clearly expressed the importance of resolving issues brought under the Domestic Violence Act with all due haste. See, *e.g.*, 750 ILCS 60/102(4) (West 2014) (listing that one of the

purposes of the Domestic Violence Act is to "[s]upport the efforts of victims of domestic violence to avoid further abuse by promptly entering and diligently enforcing court orders which prohibit abuse"); see also 750 ILCS 60/212(a) (West 2014) ("A petition for an order of protection shall be treated as an expedited proceeding ***."). Indeed, our supreme court has recognized that the Domestic Violence Act "pushes petitions for orders of protection to the top of trial court dockets." *Moore v. Green*, 219 Ill. 2d 470, 481 (2006). With respect to motions for rehearing, the legislature could not have expressed this more clearly, even stating that "*[u]nder no circumstances* shall a court continue a hearing concerning exclusive possession beyond the 14th day, except by agreement of the parties." (Emphasis added.) 750 ILCS 60/224(e) (West 2014). While petitioner correctly notes that a trial court may ordinarily arrange its own docket as it sees fit, this does not permit the trial court to delay hearing on a motion in express contravention of the statutory requirements. In the case at bar, the emergency order of protection has been in effect since September 7, 2016, and respondent has been seeking rehearing since September 16, 2016. It is inexcusable that a motion that was required to have been heard within 14 days of that date has not yet been heard. Consequently, we vacate the trial court's order delaying hearing on the motion and remand this cause to the trial court for a hearing on petitioner's motion to be conducted within 10 days of the entry of this opinion.

¶ 27     As we have determined that the trial court's order refusing to hear respondent's motion is vacated, we have no need to consider whether it had jurisdiction to enter its February 16, 2017, order, further extending the emergency order of protection and continuing the hearing on respondent's motion.

¶ 28                                    CONCLUSION

¶ 29        The Domestic Violence Act requires a trial court to hear a motion for rehearing on an

emergency order of protection concerning exclusive possession within 14 days of its filing.

The trial court's January 23, 2017, order stating that it would not hear respondent's motion

for rehearing until after other matters had been resolved therefore violates the statute.

Consequently, we reverse the trial court's entry of the order and order the trial court to hear

respondent's pending motion within 10 days of the entry of this opinion.

¶ 30        Reversed and remanded.