2020 IL App (1st) 200765-U

THIRD DIVISION
June 22, 2020

No. 1-20-0765

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | |
|---|---|
| IN THE INTEREST OF T.B., Minor-Appellee, | ) |
| | ) Appeal from the Circuit Court of |
| PEOPLE OF THE STATE OF ILLINOIS, | ) Cook County, Illinois |
| | ) |
| Petitioner-Appellee, | ) Circuit Court No. 20 JA 318 |
| | ) |
| v. | ) |
| | ) Honorable |
| KRISTEN B., | ) Robert Balanoff, |
| | ) Judge Presiding |
| Respondent-Appellant. | ) |

JUSTICE McBRIDE delivered the judgment of the court.
Justices Howse and Cobbs concurred in the judgment.

ORDER

¶ 1    *Held*: This court lacked jurisdiction to consider appeal where the order scheduling respondent's motion for a hearing was not appealable under Illinois Supreme Court Rule 307.

¶ 2    This cause coming to be heard on Respondent-Appellant's Petition for Interlocutory Appeal pursuant to Illinois Supreme Court Rule 307(d), due notice having been given, the parties having filed memoranda, and the Court being fully advised, this court renders the following Order:

**Background**

¶ 3     Respondent-Appellant is the biological mother of two-year old T.B., the Minor-Appellee. Following a February 2020 finding of probable cause that T.B. is an abused or neglected minor, T.B. was removed from Respondent-Appellant's custody and placed in the temporary custody of the Illinois Department of Children and Family Services (DCFS). The court further ordered that visits between T.B. and Respondent-Appellant be supervised by DCFS or a private agency caseworker.

¶ 4     On March 19, 2020, counsel for Respondent-Appellant was informed by a DCFS caseworker that, due to the COVID-19 crisis, all supervised visits were being suspended until further notice and that visits could take place via phone or video conferencing.

¶ 5     On March 25, 2020, DCFS issued Action Transmittal 2020.02 (Updated), which "suspend[ed] all agency supervised visitation that is in-person between parents and children in foster care and all sibling visitation."

¶ 6     On April 29, 2020, Respondent-Appellant filed an "Emergency Motion to Compel Visitation," alleging that the decision to suspend supervised visitation violated court orders, DCFS rules, and Respondent-Appellant's procedural and substantive due process rights. Respondent-Appellant further alleged that the denial of in-person visitation would cause "significant and potentially irreparable harm" to Respondent-Appellant and T.B., and accordingly requested the court hear the matter on an emergency basis.

¶ 7     On May 4, 2020, the court set the matter for hearing on June 3, 2020.

¶ 8     On May 6, 2020, Respondent-Appellant and three other DCFS-involved parents filed, in a separate chancery action, a complaint for declaratory and injunctive relief and an emergency motion for a temporary restraining order and preliminary injunction against DCFS and Marc D.

Smith, in his official capacity as Acting Director of DCFS. Respondent-Appellant and the other three plaintiffs in that action sought to enjoin DCFS from implementing its action transmittal suspending in-person supervised visitation.

¶ 9    In the chancery action, the Office of the Public Guardian moved to intervene and dismiss the complaint pursuant to 735 ILCS 5/2-619(a)(3), arguing that there was a prior pending action in a court best suited to make individualized determinations regarding visitation.

¶ 10    The chancery court heard argument on May 14, 2020, and on May 19, 2020, entered a memorandum opinion and order dismissing the complaint and finding the motion for temporary restraining order was moot. The court reasoned that a motion to compel visitation was already pending in child protection court and that the judges who already made rulings regarding visitation in the cases were in a better position to make evaluations about visitation and enforce their orders regarding visitation.

¶ 11    On May 18, 2020, Special Order 2020-7 was entered in the Child Protection Division, which continued all child protection cases previously scheduled between March 17 and June 5, 2020, "[i]n order to address the global coronavirus pandemic and the concomitant public health concerns." Pursuant to that special order, the June 3, 2020 hearing on Respondent-Appellant's motion to compel visitation was continued to July 6, 2020.

¶ 12    On June 9, 2020, Respondent-Appellant filed an emergency motion for TRO and preliminary injunction, and a memorandum of law in support of the motion. Respondent-Appellant sought to restrain DCFS from adhering to Action Transmittal 2020.02 (Updated), until the court ruled on her motion to compel.

¶ 13    On June 11, 2020, the trial court entered an order stating, in full:

"This cause coming to be be [*sic*] heard on mother [Respondent-Appellant]'s Emergency Motion for Temporary Restraining Order and Preliminary Injunction, the court having reviewed the motion,

It is hereby ordered that this matter is set for a hearing on July 13, 2020 at 9:00 a.m. before Judge Shannon O'Malley in courtroom 6-F."

¶ 14    On June 12, 2020, Respondent-Appellant filed a petition for interlocutory appeal, and a legal memorandum, in this court pursuant to Illinois Supreme Court Rule 307(d) (eff. Nov. 1, 2017). She contended that the June 11, 2020 order "declin[ed] to hear the motion as an emergency and set[ ] it for July 13, 2020." Respondent-Appellant sought the reversal of the June 11, 2020 order, and asked this court to direct the trial court to enter the temporary restraining order she requested.

### Analysis

¶ 15    Respondent-Appellant brings this appeal pursuant to Illinois Supreme Court Rule 307(d)(1), which permits interlocutory appeals from the "granting or denial of a temporary restraining order or an order modifying, dissolving, or refusing to dissolve or modify a temporary restraining order." Ill. S. Ct. R. 307(d)(1) (eff. Nov. 1, 2017). Respondent-Appellant contends that the June 11, 2020 order continuing the motion "constitutes a refusal under the rule."

¶ 16    DCFS and the Public Guardian of Cook County each filed responsive legal memoranda in this court. DCFS acknowledges that the continuance order "resulted in an unnecessary delay," and the Public Guardian states that the continuance was ordered "in error." Nevertheless, they contend that this court lacks jurisdiction to consider this appeal because the June 11, 2020 scheduling order did not function as a denial of a TRO.

4

¶ 17    In the alternative, both DCFS and the Public Guardian respond that Respondent-Appellant's petition should be dismissed because it is now moot. They point out that on June 15, 2020, the Department issued new guidance that provides for resuming in-person parent-child visitation, with safety precautions during visits. Accordingly, DCFS and the Public Guardian maintain that the guidance Respondent-Appellant seeks to enjoin is no longer in effect and, as a result, this court cannot grant Respondent-Appellant the relief she seeks.

¶ 18    Also in the alternative, should this court reach the merits of Respondent-Appellant's petition, DCFS and the Public Guardian argue that Respondent-Appellant has not established the requisites for a TRO, and that we should remand the matter to the trial court, which is in a better position to evaluate the complicated factual issues in this matter.

¶ 19    This Court has an independent duty to consider its own jurisdiction in every appeal, even if the parties do not raise the issue (*Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009)), and this court must dismiss the appeal if jurisdiction is lacking (*In re Marriage of Mackin*, 391 Ill. App. 3d 518, 519 (2009)). This Court does not have the discretion to ignore jurisdictional rules. See *People v. Lyles*, 217 Ill. 2d 210, 216 (2005) ("The appellate court's power attaches only upon compliance with the rules governing appeals" and "[N]either the trial court nor the appellate court has the authority to excuse compliance with the filing requirements of the supreme court rules governing appeals.") (internal quotation marks omitted).

¶ 20    In contending that the June 11, 2020 order is appealable under Rule 307, Respondent-Appellant relies on *In re Marriage of Padilla & Kowalski*, 2017 IL App (1st) 170215, ¶ 13.

¶ 21    In *Padilla*, the circuit court, on the petitioner's motion, entered an emergency order of protection on September 7, 2016, under the Illinois Domestic Violence Act, 750 ILCS 60/101 *et seq. Padilla*, 2017 IL App (1st) 170215, ¶ 3. The order was to be in effect until September 28,

2016, at which point the matter was set for a hearing. *Id.* On September 16, 2016, the respondent filed a motion for rehearing and to vacate the emergency order of protection. *Id.* at ¶ 4. Thereafter, the circuit court extended the emergency order of protection, and the hearing on the respondent's motion for rehearing or to vacate several times. Eventually, on January 23, 2017, the court entered an order directing that two pending petitions were required to be resolved prior to the respondent's motion for rehearing and to vacate the emergency order of protection. *Id.* at ¶ 5. On January 26, 2017, the circuit court extended the emergency order of protection to February 16, 2017, at which point the matter was set for a hearing, and the respondent's motion was continued to the same day. *Id.* at ¶ 8. Also on January 26, 2017, the respondent filed a notice of interlocutory appeal pursuant to Ill. Sup. Ct. R. 307(a)(1) and 307(d). *Id.* at ¶ 9.

¶ 22    In those circumstances, the appellate court concluded that the continuance order appealed from was not merely a routine scheduling order that could not be immediately appealed under Rule 307(a)(1). The appellate court noted that the initial emergency order of protection "was an injunctive order." *Id.* at ¶ 17. "By stating that it was refusing to hear respondent's motion" for rehearing or to vacate the emergency order of protection, the circuit court "denied respondent the opportunity to defend himself against the allegations contained in the emergency order of protection" (*id.* at ¶ 19), and "was, in effect, refusing to dissolve or modify the emergency order of protection" (*id.* at ¶ 18). Accordingly, appellate jurisdiction existed under Ill. Sup. Ct. R. 307(a)(1) and 307(d). *Id.* at ¶ 18.

¶ 23    Moreover, this court explained that the section of the Domestic Violence Act at issue in *Padilla* mandated a highly expedited timeline for emergency orders of protection, requiring that a request for a TRO, or a motion to dissolve a TRO, be heard within 14 days. *Id.* at ¶ 20. As such, this court indicated that, "while normally, it may be merely an administrative issue for the court to

schedule matters before it, in the case of this type of emergency order of protection issued under the Domestic Violence Act, the legislature has expressly set forth the timeline for scheduling a hearing on a motion for rehearing." *Id.*

¶ 24 We find *Padilla* distinguishable from the instant case.

¶ 25 Unlike in *Padilla*, where an injunctive order was in place before the respondent filed the relevant motion to vacate the injunctive order, no injunction had been previously entered by the circuit court here, which Respondent-Appellant was seeking to vacate. By scheduling a hearing on Respondent-Appellant's motion in this case, the circuit court was not, in effect, "refusing to dissolve or modify" an already existing injunction, nor was it an effective denial of her motion. See *Oscar George Electric Co. v. Metropolitan Fair & Exposition Authority*, 104 Ill. App. 3d 957, 962 (1982) (order continuing a motion to dissolve a TRO did not constitute a *de facto* denial of that motion, and accordingly, the order was not appealable under Rule 307(a)(1). The appellant "ha[d] not afforded the trial court the opportunity to rule on its motion to dissolve or stay the temporary restraining order.").

¶ 26 Moreover, and also unlike in *Padilla*, Respondent-Appellant has not provided any authority that would entitle her to have the circuit court hear her motion for TRO and preliminary injunction on the merits within a certain timeline, such that we could conclude that the court not ruling on the motion within that timeframe could be construed as a denial. See *Padilla*, 2017 IL App (1st) 170215, ¶ 20.

¶ 27 Because the circuit court has not ruled on Respondent-Appellant's motion for TRO and preliminary injunction, but instead has merely entered a scheduling order on the motion, that order is not appealable under Ill. Sup. Ct. R. 307(d).

¶ 28    In the absence of an appealable order, we must dismiss this appeal. Because we do not have jurisdiction to consider this appeal and must dismiss it, we cannot, and will not, reach the alternative arguments posed by DCFS and the Public Guardian.

¶ 29    For these reasons, it is hereby ordered that this appeal is dismissed.

¶ 30    Appeal dismissed.