No. 2--06--0447                                          filed: 12/26/06

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| BARBARA SCHEIDER, | ) | Appeal from the Circuit Court |
| | ) | of Stephenson County. |
| Petitioner-Appellee, | ) | |
| | ) | No. 06--OP--9 |
| v. | ) | |
| | ) | |
| THOMAS L. ACKERMAN, | ) | Honorable |
| | ) | Theresa L. Ursin, |
| Respondent-Appellant. | ) | Judge, Presiding. |

JUSTICE BYRNE delivered the opinion of the court:

Respondent, Thomas Ackerman, asks us to declare void a plenary order of protection entered against him. He argues that the court entered the plenary order after the interim order expired, but that the trial court lost jurisdiction over the entire matter when the interim order expired. A plenary order, or its denial, is the final order in an order of protection case; we find no precedent for respondent's suggestion that the court's jurisdiction can expire before the court has entered a final order. We therefore conclude that respondent's argument is meritless and so affirm the trial court's entry of the plenary order.

We note that petitioner, Barbara Scheider, has not filed an appellee's brief. However, we will address the issue presented, based upon the principles set forth in First Capitol Mortgage Corp. v. Talandis Construction Corp., 63 Ill. 2d 128, 133 (1976). See In re Marriage of Tegeler, 365 Ill. App. 3d 448, 452 (2006).

On January 5, 2006, petitioner filed a petition for an order of protection against respondent, her ex-husband. The court granted an emergency order, effective through January 25, 2006, which was also the date for which it scheduled a hearing. The next day, respondent sought (and was granted) modification of terms of the order affecting transfers of the parties' child. On January 25, respondent answered the petition. Also on that day, the court scheduled a hearing on a plenary order for February 16, 2006, and granted an interim order expiring the day of the hearing. The parties also began to litigate discovery issues, something they continued to do for most of the pendency of the case. On February 16, 2006, the court entered an order stating that "prior orders remain[ed] in effect," and set a hearing on the plenary order for April 5, 2006. Two weeks before the hearing on the plenary order, on March 23, 2006, respondent filed a "Motion to Dismiss Due to Loss of Subject Matter Jurisdiction Due to the Statutory Termination of the 30 Day Interim Order that Was Issued on February 17, 2006." He asserted that the interim order had expired no later than March 16, 2006, and that, with its expiration, the court lost jurisdiction to enter the plenary order. The court denied this motion, and, on April 5, 2006, the court entered a plenary order of protection. Respondent timely appealed, again asserting the theory set out in his motion to dismiss.

We find no support for respondent's novel theory that the trial court's jurisdiction was limited to the period in which the interim order was in effect, either in the cases cited by respondent or in our own research. Because the question of whether the trial court had jurisdiction is one of law, our review is de novo. See Barry v. Retirement Board of Firemen's Annuity & Benefit Fund of Chicago, 357 Ill. App. 3d 749, 760 (2005).

Nothing in the law causes a trial court to lose jurisdiction over an order of protection proceeding before it rules on the petitioner's entitlement to a plenary order. Under the familiar rule

that an order is final "if it determines the litigation on the merits so that, if affirmed, nothing remains for the trial court to do but to proceed with its execution" (Big Sky Excavating, Inc. v. Illinois Bell Telephone Co., 217 Ill. 2d 221, 233 (2005)), the court's decision on the petitioner's right to a plenary order is the usual final order in an order of protection proceeding. A trial court loses jurisdiction over a matter for most purposes 30 days after it enters a final order on the last claim. See Wilk v. Wilmorite, Inc., 349 Ill. App. 3d 880, 883 (2004). Although it is seldom explicitly stated, the converse rule, that a court retains jurisdiction until it enters a final order, is also generally true. Thus, respondent's assertion that the court's jurisdiction must lapse with the lapse of the interim order runs contrary to general principles of jurisdiction. He must therefore explain why the facts here fall into some exception. He has failed to do this.

Respondent asserts that section 218 of the Illinois Domestic Violence Act of 1986 (Act) (750 ILCS 60/218 (West 2004)), concerning interim orders of protection, shows that jurisdiction lapses with the lapse of an interim order. He arrives at this conclusion by way of impressively brazen selective quotation and unsupported assertion. He states that under section 218, to obtain an additional interim order, the petitioner must show that " 'the Court has jurisdiction,' " and thus it follows that, when petitioner did not show this within 30 days, subject matter jurisdiction lapsed. In fact, section 218(a)(1) states that, to be entitled to any interim order, the petitioner must "establish" that "[t]he court has jurisdiction under Section 208 [(750 ILCS 60/208 (West 2004))]." 750 ILCS 60/218(a)(1) (West 2004). Section 208 addresses the court's personal jurisdiction. Thus, section 218 has nothing to do with the court's subject matter jurisdiction. Further, that the court had personal jurisdiction over respondent when it granted the original interim order, as required by section 218, was established because respondent had submitted to the court's jurisdiction by seeking modification

of the emergency order and by answering the petition without first having objected to the court's personal jurisdiction.  See 735 ILCS 5/2--301(a--5) (West 2004).

Respondent cites <u>Bohn Aluminum & Brass Co. v. Barker</u>, 3 Ill. App. 3d 600, 602 (1972), for the proposition that a failure to keep orders of protection continuously operative causes dismissal of the case.  This misstates the holding of <u>Bohn</u>.  The <u>Bohn</u> court merely noted that, when a party obtains a temporary restraining order (TRO), but does not seek a preliminary injunction, the court should dissolve the TRO.  It says nothing about the court losing jurisdiction.  Further, it states that the court should dissolve the TRO when the party fails to <u>seek</u> a preliminary injunction.  Here, petitioner was actively seeking a plenary order when the interim order purportedly expired.  Thus, <u>Bohn</u> is of no aid to respondent.

For these reasons, we affirm the circuit court of Stephenson County's grant of a plenary order of protection.

Affirmed.

O'MALLEY and CALLUM, JJ., concur.