2021 IL App (2d) 200437-U
No. 2-20-0437
Order filed January 8, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| In re A.L., a Minor | ) | Appeal from the Circuit Court |
| | ) | of Lake County. |
| | ) | |
| | ) | No. 11-F-846 |
| | ) |    20-OP-484 |
| | ) | |
| | ) | Honorable |
| (Jennifer B., Petitioner-Appellee v. | ) | Janelle K. Christensen, |
| Jeffrey L., Respondent-Appellant). | ) | Judge, Presiding. |

JUSTICE BRENNAN delivered the judgment of the court.
Justices McLaren and Jorgensen concurred in the judgment.

**ORDER**

¶ 1   *Held*:   Where respondent failed to meet his burden of presenting a sufficiently complete record of the trial court proceedings to support his claims of error, we must presume that the trial court did not abuse its discretion in granting a plenary order of protection against respondent and in denying his motion to reconsider and vacate the plenary order. We therefore affirm the trial court's judgment.

¶ 2   Respondent, Jeffrey L. (Jeffrey), appeals from the trial court's July 31, 2020, denial of his

"Emergency Motion For Reconsideration And To Vacate The June 26, 2020 Order Of Protection

And For Other Relief." For the reasons set forth below, we affirm.

¶ 3                          I. BACKGROUND

¶ 4    The trial court's July 31, 2020, order recounts in detail the history of these proceedings. We discuss the facts as pertinent to our disposition. Jeffrey and Jennifer B. (Jennifer) are the biological parents of the minor child, A.L. While the parties' June 20, 2013, parenting order initially allowed both parties parenting time and unsupervised visitation, Jennifer's parenting time was subsequently restricted and suspended. However, throughout 2019, the trial court continued to expand Jennifer's visitation following Jennifer's petitions for increased parenting time.

¶ 5    On March 11, 2020, Jennifer filed an emergency petition for temporary residential custody of A.L. and for a rule to show cause against Jeffrey as to why he should not be held in indirect civil contempt on the ground that Jeffrey and A.L. were not present for her March 10, 2020, scheduled parenting time. On March 12, 2020, the trial court granted the *ex parte* petition and ordered Jeffrey to return A.L. instanter. That same day, Jennifer filed an emergency verified petition for an order of protection against Jeffrey on the basis that Jeffrey remained at large with A.L. The trial court consolidated the order-of-protection case with the underlying family case and set the matter for a plenary hearing on March 17, 2020. However, the scheduled date was automatically continued to April 28, 2020, due to the coronavirus pandemic shutdown and was subsequently continued to June 26, 2020. Meanwhile, a warrant for Jeffrey's arrest for child abduction charges was executed on March 26, 2020. On April 6, 2020, Jeffrey was arrested in Alabama. Jennifer traveled to Alabama and returned with A.L. to Illinois

¶ 6    On June 8, 2020, attorney Edwin Franklin Bush III (Bush) appeared on behalf of Jeffrey and filed an emergency verified petition to declare void and vacate the March 12, 2020, order granting Jennifer's emergency petition for temporary residential custody of A.L. Jeffrey argued that he was served with Jennifer's petition, but not the notice of emergency petition. The trial court

dismissed certain claims for relief in Jeffrey's petition and otherwise continued the matter to June 26, 2020.

¶ 7 The plenary hearing on the order of protection proceeded on June 26, 2020, via Zoom. At the inception of the hearing, attorney Bush inquired whether there would be a court reporter. The trial court advised that the court's local rule required the parties to provide a court reporter for order-of-protection hearings. Neither party requested a continuance. The trial court also advised the parties that, pursuant to the court's local rule, participants were prohibited from recording Zoom hearings. Both Bush and Jeffrey confirmed that they were not recording the proceedings. Witness testimony at the hearing included testimony from both parties, the guardian *ad litem*, Jeffrey's roommate, and Jeffrey's relative in Alabama. Following the hearing, on June 26, 2020, the trial court granted the plenary order of protection against Jeffrey.

¶ 8 Subsequently, on June 29, 2020, following a Zoom hearing, the trial court denied Jeffrey's petition to declare void and vacate the March 12, 2020, order granting Jennifer temporary residential custody of A.L. Jeffrey was allowed supervised parenting time with A.L. twice a week for two hours.

¶ 9 Jeffrey moved for a finding pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) with respect to the trial court's orders. On July 9, 2020, the trial court denied the request for a Rule 304(a) finding as to the June 29, 2020, order. Regarding the June 26, 2020, plenary order of protection, the trial court stated that a Rule 304(a) finding was "not needed for the order of protection case, 20OP484, as it is a final and appealable order, but to the extent that such written order is required, the court finds that pursuant to S.C.R. 304(a) there is no just reason to delay the appeal of this Court's ruling on 20OP484." The trial court further stated that, if Jeffrey appealed the plenary order of protection, "as no court reporter was present at such hearing and to the extent

Respondent desires a written record, Respondent is granted until July 15[, 2020] to file his Bystander's Report to counsel for the Petitioner and to this Court *** for review."

¶ 10 On July 27, 2020, Jeffrey filed a notice of appeal from the June 29, 2020, order, but not from the June 26, 2020, plenary order of protection.

¶ 11 Meanwhile, on July 13, 2020, Jeffrey filed an "Emergency Motion For Reconsideration And To Vacate The June 26, 2020 Order Of Protection And For Other Relief," seeking: (1) to reconsider and vacate the plenary order of protection based upon newly discovered evidence, (2) to declare void and vacate the plenary order of protection due to fraud upon the court, and (3) to enter a finding of direct criminal contempt against Jennifer. The purported newly discovered evidence was Jennifer's cell phone records from the time during which Jeffrey was in Alabama with A.L. Jeffrey had subsequently subpoenaed the records and argued that they established the untruthfulness of Jennifer's testimony that she tried to call Jeffrey while he and A.L. were missing. In support of his motion, Jeffrey also attached as an exhibit excerpts of a transcript from the June 26, 2020, plenary hearing, contending that Jennifer had perjured herself.

¶ 12 On July 31, 2020, following a Zoom hearing, the trial court entered a written order, denying Jeffrey's "Emergency Motion For Reconsideration And To Vacate The June 26, 2020 Order Of Protection And For Other Relief." Initially, the trial court noted that the transcript attached to the motion as an exhibit "contains a verbatim recitation of the June 26, 2020 plenary hearing, which would not be possible to reproduce without a recording." Thus, the trial court concluded that attorney Bush, Jeffrey, or one of the witnesses recorded the hearing in violation of Local Rule 1-4.01 of the Nineteenth Judicial Circuit (Lake County) and in violation of the trial court's direct admonishment at the hearing. Accordingly, the trial court struck the exhibit from the motion.

¶ 13    Turning to the merits, the trial court found that Jeffrey failed to establish that the cell phone records were newly discovered evidence or that there was a basis to reopen proofs. The trial court pointed out that Jeffrey could have subpoenaed the phone records prior to the plenary hearing or sought a continuance to obtain the records. Further, the trial court found that the records were related "to a side issue in the case" and if admitted would "not [have been] dispositive of any important question."

¶ 14    Noting that it had stricken the transcript of the plenary hearing, the trial court also denied Jeffrey's requests to declare void and vacate the plenary order of protection due to fraud upon the court and for a finding of direct criminal contempt against Jennifer. Notwithstanding, the trial court further found that even if it considered the transcript, it would not change its ruling on the plenary order of protection. Based upon its notes from the June 26, 2020, plenary hearing, the trial court recounted at length the witness testimony. The trial court found Jeffrey not credible in his statement that he had merely planned a short trip with A.L. to visit a relative in Alabama and intended to return A.L. in time for the next scheduled visitation with Jennifer three days later. The trial court noted that Jeffrey's Illinois home was in foreclosure; he moved items into storage; he signed a one-year lease in Alabama; and, most importantly, "deliberatively chose not to tell Jennifer where he was hiding." Jeffrey testified that he accidentally left behind the cell phone on which Jennifer contacted him and instead took a non-smart phone with no internet access. The trial court, however, found his testimony incredible and that "Jeffrey [had been] actively working to prevent Jennifer from finding them." In sum, the trial court concluded, "Given the entirety of Jeffrey's actions and his deception, even if it were true that Jennifer never called or texted [Jeffrey], that action would not vindicate Jeffrey." Rather, "[i]t was Jeffrey's responsibility to contact Jennifer, not the reverse,

and his failure to see the great harm his actions caused, leads the Court to believe that he will continue to disobey the orders of the Court and remove the minor child from the jurisdiction."

¶ 15    On August 4, 2020, Jeffrey filed a notice of appeal pursuant to Illinois Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017) from the July 31, 2020, denial of his motion to reconsider and vacate the June 26, 2020, plenary order of protection (although the notice of appeal lacked a "Notice of Interlocutory Appeal" designation as required by Rule 307(a)(1)). In the notice of appeal, Jeffrey referred to his previously filed July 27, 2020, notice of appeal (from the trial court's June 29, 2020, denial of his petition to declare void and vacate the March 12, 2020, order granting Jennifer temporary residential custody of A.L.). He stated that he would "move to consolidate the matters into one appeal under Rule 307(a)(1), and to appeal the March 12, 2020, June 26, 2020, June 29, 2020 and July 31, 2020 Orders of this Court in the above entitled cases, as they are a step in the progression to the final order on July 31, 2020." Jeffrey never actually filed a motion to consolidate, and the appeal from the trial court's June 29, 2020, order was dismissed on September 14, 2020, for failure to file a docketing statement.

¶ 16    Pursuant to Rule 307(a)(1), a supporting record was due in this appeal on August 31, 2020. On September 8, 2020, when neither a supporting record nor an extension request had been filed, we issued an order stating that failure to file the supporting record within seven days would result in dismissal of the appeal. On September 16, 2020 (one day after the seven-day deadline set forth in our September 8, 2020, order), Jeffrey filed a motion for a 30-day extension of time to file the supporting record. In the motion, counsel attested that he "struggled to obtain certification of the

remote proceedings held and broadcast by the circuit court through Zoom and youtube.com. For a period, [he] was unsure if he would be able to compile a full report of proceedings."[1]

¶ 17    On our own motion, we held the motion for an extension of time to file the supporting record in abeyance and requested a jurisdictional statement from Jeffrey, pointing out that a motion to reconsider did not toll the 30-day time period to appeal under Rule 307(a)(1). See *In re Marriage of Salviola*, 2020 IL App (1st) 182185, ¶ 39. Thus, having filed his notice of appeal on August 4, 2020—more than 30 days after the June 26, 2020, plenary order, his appeal appeared untimely.

¶ 18    In his jurisdictional statement, Jeffrey argued that his motion to reconsider was actually a motion to vacate the plenary order of protection—equivalent to a motion to modify or dissolve an injunction and therefore appealable under Rule 307(a)(1). See *In re Marriage of Fischer*, 228 Ill. App. 3d 482, 488-89 (1992). On September 29, 2020, we issued an order, taking the issue of jurisdiction under advisement and allowing Jeffrey until October 15, 2020, to file a supporting record.

¶ 19    On October 15, 2020, Jeffrey filed a supporting record. It contains what is labeled a common law record, report of proceedings, and exhibits. He subsequently filed his opening brief. Jennifer, however, did not file an appellee brief.

---

[1] We note that Jeffrey also stated in this motion that on September 11, 2020, he "objected" to the trial court's failure to consider a claim raised in his motion to reconsider and vacate the plenary order. However, the supporting record includes a September 11, 2020, trial court order, stating that it had denied all claims for relief based upon the findings and reasoning set forth in its July 31, 2020, order.

¶ 20    Thereafter, Jeffrey filed a "Motion To Clarify Necessity of Bystanders Report And For Other Relief." Counsel stated that four minutes of the guardian *ad litem*'s testimony was missing from the June 26, 2020, report of proceedings and sought guidance as to whether he should attempt to certify in the trial court a bystander's report for the missing portion of the testimony. We denied the motion.

¶ 21    Then, on December 7, 2020, this court received in the mail from Jennifer's trial counsel (who has not appeared in this court), without a notice of filing or proof of service, a copy of a November 30, 2020, trial court order in this case. The November 30, 2020, order stated that the trial court "declines to approve the proposed Bystander's Report as it conflicts with both the Court's and Petitioner's Counsel's recollection ****." The order also directed Jennifer's counsel to send the order to this court. On December 11, 2020, Jeffrey filed what he labeled a "Notice Of Filing And Correspondence." He stated that at the November 30, 2020, proceeding, the trial court denied his request to certify the bystander's report for the guardian *ad litem*'s testimony (which, according to Jeffrey, involved her recommendation as to Jeffrey's future visitation with A.L.). On our own motion, we strike the November 30, 2020, order from the record for failure to comply with appearance, filing, and service requirements. See Ill. S. Ct. R. 9 (eff. Aug. 14, 2020); R. 11 (eff. July 15, 2020); R. 12 (eff. July 1, 2017). We likewise strike Jeffrey's December 11, 2020, "Notice of Filing And Correspondence" from the record as moot. We turn to Jeffrey's arguments on appeal.

¶ 22                                II. ANALYSIS

¶ 23    We start with our jurisdiction. A reviewing court has an independent duty to consider its jurisdiction to hear an appeal. See *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009). Jeffrey maintains his position that we have jurisdiction under Rule

307(a)(1) on the basis that his motion to reconsider and vacate was the equivalent of a motion to modify or dissolve an injunction. However, the character of a pleading is determined by its content, not its label. *In re Scarlett Z.-D.*, 2015 IL 117904, ¶ 64. Jeffrey's motion did not request to modify or dissolve an injunction as understood by Rule 307(a)(1). See *Fischer*, 228 Ill. App. 3d at 488 (quoting *Benson v. Isaacs*, 22 Ill. 2d 606, 609 (1961)) ("an 'injunction will be modified or dissolved, as to its prospective effect, where the court finds that the law has changed or that equity no longer justifies a continuance of the injunction' "). Rather, Jeffrey's motion bore all the indicia of motion to reconsider based upon a claim of newly discovered evidence, namely the newly subpoenaed cell phone records.

¶ 24    Regardless, however, although not raised as a basis for jurisdiction by Jeffrey, we note that in its July 9, 2020, order, the trial court made a Rule 304(a) finding with respect to the June 26, 2020, plenary order of protection. The finding was unnecessary, as the plenary order of protection was a final and appealable order. See *Scheider v. Ackerman*, 369 Ill. App. 3d 943, 944-45 (2006). Nevertheless, this finding allowed Jeffrey 30 days after the July 9, 2020, order to file a notice of appeal from the June 26, 2020, plenary order. See Ill. S. Ct. R. 303 (eff. July 1, 2017); R. 304(a) (eff. Mar. 8, 2016). Within this 30-day time period, on August 4, 2020, Jeffrey filed his notice of appeal from the July 31, 2020, denial of his motion to reconsider and vacate the June 26, 2020, plenary order of protection. Thus, Jeffrey's August 4, 2020, notice of appeal was timely, albeit as a notice of appeal from a final judgment, not a notice of interlocutory appeal under Rule 307(a)(1).

¶ 25    We point out that in his August 4, 2020, notice of appeal, Jeffrey only appealed the July 31, 2020, order denying his motion to reconsider and vacate the June 26, 2020, plenary order, not the June 26, 2020, plenary order. Illinois Supreme Court Rule 303(b)(2) (eff. July 1, 2017) states that a notice of appeal "shall specify the judgment or part thereof or other orders appealed from

and the relief sought from the reviewing court." Thus, a notice of appeal confers jurisdiction on a reviewing court to consider only the judgments specified in the notice of appeal. *Diocese of Quincy v. Episcopal Church*, 2014 IL App (4th) 130901, ¶ 35. We may nevertheless review the June 26, 2020 plenary order, as it was a step in the procedural progression leading up to the July 31, 2020, order. See *Burtell v. First Charter Service Corp.*, 76 Ill. 2d 427, 434-35 (1979).

¶ 26    Jeffrey argues that the trial court abused its discretion in entering the plenary order of protection and in refusing to vacate the plenary order of protection. He also argues that the trial court erroneously struck the June 26, 2020, hearing transcript and challenges the constitutionality of Local Rule 1-4.01(A) of the Nineteenth Judicial Circuit Court (Lake County). See 19th Judicial Cir. Ct. R. 1-4.01(A) (Oct. 24, 2016) (prohibiting "the videotaping, audio recording, transmitting, broadcasting or televising of circuit court proceedings").

¶ 27    Parenthetically, we note that Jeffrey further challenges the trial court's June 29, 2020, denial of his petition to declare void and vacate the March 12, 2020, order granting Jennifer temporary residential custody of A.L. However, as noted, Jeffrey's separately filed notice of appeal from the trial court's June 29, 2020, order was dismissed for failure to file a docketing statement. Nonetheless, even if we were to review the June 29, 2020, order as a step in the procedural progression leading up to the final order, Jeffrey presents no basis for reversal, as set forth below.

¶ 28    We review the trial court's challenged orders for an abuse of discretion. See *Horlacher v. Cohen*, 2017 IL App (1st) 162712, ¶ 80 (motion to reconsider based upon newly discovered evidence); *In re Estate of Bennoon*, 2014 IL App (1st) 122224, ¶ 54 (motion to reopen proofs); *Wittendorf v. Worthington*, 2012 IL App (4th) 120525, ¶ 62 (motion to modify order of protection); *Frank v. Hawkins*, 383 Ill. App. 3d 799, 816 (2008) (order of protection). A trial court abuses its

discretion when its decision is arbitrary, fanciful, or unreasonable or where no reasonable person would agree with its determination. *Seymour v. Collins*, 2015 IL 118432, ¶ 41.

¶ 29    The crux of Jeffrey's argument is that the trial court abused its discretion in granting the plenary order and in denying his motion to reconsider and vacate the plenary order. He argues that the testimony established that he merely intended a three-day trip with A.L. to visit a relative in Alabama, as allowed by the parties' parenting agreement; that he had car trouble and brought the wrong cell phone; that he has asthma and a respiratory health issue and was concerned for his health due to the coronavirus pandemic; and that he therefore could not return to Illinois. We note that the statement of facts in Jeffrey's brief is replete with argument and comment in violation of Illinois Supreme Court Rule 341(h)(6) (eff. Oct. 1, 2020). The brief also contains 28 footnotes, in violation of 341(a), which provides that "[f]ootnotes are discouraged." Ill. S. Ct. R. 341(a) (eff. Oct. 1, 2020). The rules of procedure regarding appellate briefs are not mere suggestions, and when procedural violations interfere with our review of the issues on appeal, it is within our discretion to strike the brief and dismiss the appeal for failure to comply with the rules. *Parkway Bank & Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶ 10. Nevertheless, Jeffrey's brief is not so deficient as to hinder our review.

¶ 30    However, turning to Jeffrey's argument, we are simply unable to determine whether an abuse of discretion occurred because Jeffrey failed to meet his burden of presenting a sufficiently complete record of the trial court proceedings to support his claims of error. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). The supporting record includes full, verbatim transcripts from the June 26, 2020, June 29, 2020, and July 31, 2020, Zoom hearings. The supporting record also includes a notice of filing of the report of proceedings in the trial court in which Jeffrey's counsel states that the recordings were "ripped" (*i.e.*, downloaded with private software) off the

trial court's "own youtube broadcast" of his client's proceeding. The cover of the transcripts reflect that they were transcribed by Holli J. McGhee, who provides a South Carolina address. The signed certifications for the transcripts provide: "I, Holli J. McGhee, the assigned transcriber, do hereby certify the foregoing transcript of proceedings is prepared to the best of my ability and is a true and accurate non-compressed transcript of the proceedings as recorded."

¶ 31    Supreme Court Rule 323 (eff. July 1, 2017) provides that "the appellant shall make a written request to the court reporting personnel as defined in Rule 46 to prepare a transcript of the proceedings that appellant wishes included in the report of proceedings." Supreme Court Rule 46 (eff. May 22, 2020), titled "Official Record of Court Proceedings," sets forth guidelines for the electronic recording of court proceedings and defines "court reporting personnel" as: (1) court reporters under the Court Reporters Act (705 ILCS 70/1 (West 2018)); (2) court personnel who have fulfilled the required training and certification standards; and (3) certified shorthand reporters hired through an agency or by a private party to take a stenographic record. Jeffrey does not mention these standards and articulates no basis upon which to conclude that the transcripts he submitted constitute an official record of court proceedings. There is also no explanation as to the transcriber's qualifications and nothing to substantiate that the transcriber fulfilled any training or certification standards as set forth in Rule 46. Notably, Jeffrey inexplicably inserted into the supporting record correspondence between attorney Bush and the Lake County Court Reporter Supervisor and the Director of Court Reporting Services for the State of Illinois in which attorney Bush inquired about such certification requirements. In the end, however, Jeffrey completely sidesteps these requirements in his appeal.

¶ 32    Accordingly, Jeffrey failed to provide this court with properly certified transcripts from the trial court proceedings. Moreover, he failed to provide any acceptable substitute permitted under

Illinois Supreme Court Rule 323 (eff. July 1, 2017). Namely, he failed to provide a bystander's report or agreed statement of facts. See Ill. S. Ct. R. 323(c), (d) (eff. July 1, 2017). Significantly, the trial court advised Jeffrey in its July 9, 2020, order to seek certification of a bystander's report in the event he appealed the plenary order. The supporting record demonstrates that Jeffrey sought to do so, but inexplicably only with respect to four minutes of the missing testimony from the "ripped" proceeding.

¶ 33    We note that Jeffrey's burden to provide an adequate record on appeal remains the same notwithstanding that Jennifer did not file an appellee brief. See *Coleman v. Windy City Balloon Port, Ltd.,* 160 Ill. App. 3d 408, 417-19 (1987) (citing *First Capitol Mortgage Corp. v. Talandis Construction Corp.,* 63 Ill. 2d 128, 133 (1976)). Accordingly, in the absence of a properly certified transcript from the trial court proceedings or any acceptable substitute permitted under Rule 323 to support Jeffrey's claims of error, we must presume that the trial court's rulings were made in conformity with the law and had a sufficient factual basis. See *Foutch,* 99 Ill. 2d at 391-92.

¶ 34    Regarding Jeffrey's challenge to the constitutionality of Lake County Local Rule 1-4.01(A), Jeffrey points to nothing in the supporting record he provided to suggest that he either objected to the trial court's admonishment not to personally record the Zoom hearings or filed any challenge to the constitutionality of the local rule.[2] Thus, Jeffrey forfeited his constitutional

---

[2] We note that Jeffrey included in his supporting record excerpts from the common law record in an entirely unrelated appeal in which attorney Bush challenged the constitutionality of Lake County Local Rule 1-4.01(A) on behalf of another client. We dismissed the unrelated appeal for lack of jurisdiction. See *Winderweedle v. Winderweedle*, No. 2-20-0344 (unpublished summary order under Illinois Supreme Court Rule 23(c)).

challenge to Lake County Local Rule 1-4.01(A). See *In re J.V.*, 2018 IL App (1st) 171766, ¶ 193 (noting that, in civil cases, constitutional issues not presented to the trial court are forfeited and cannot be raised for the first time on appeal). Moreover, as our supreme court has explained, we should avoid reaching a constitutional issue when a case may be decided on nonconstitutional grounds. *The Carle Foundation v. Cunningham Township*, 2017 IL 120427, ¶ 34. Regardless of the constitutionality of Lake County Local Rule 1-4.01(A), the point here is that Jeffrey failed to provide a properly certified transcript or any acceptable substitute under Rule 323. Accordingly, we do not address Jeffrey's constitutional challenge.

¶ 35                                    III. CONCLUSION

¶ 36    For the reasons stated, we affirm the judgment of the circuit court of Lake County.

¶ 37    Affirmed.